McBRIDE, Judge.
Rodney J. Hoyle, who had been appointed a deputy criminal sheriff by Louis A. Heyd, Sr., the duly elected Criminal Sheriff for the Parish of Orleans, brought this suit on March 6, 1964, against the Mayor of the City of New Orleans, the Director of Department of Finance, City of New Orleans, and said Criminal Sheriff to recover “back salary” (from March 8, 1963 to “date”) allegedly due; he avers that by letter dated March 8, 1963, he was notified by Criminal Sheriff Heyd that he was suspended as deputy criminal sheriff without pay until “the matter involving you with the Federal Government is disposed of, at which time your case will be reviewed” and that he received a second letter from the Criminal Sheriff dated September 19, 1963, notifying him of the termination, as of that date, of his appointment and services as a deputy criminal sheriff. Subsequently, plaintiff filed an amended and supplemental petition in which he alleged he is entitled to his salary which accrued during the period of his suspension and prayed for judgment for $1,896.38 against Louis A. Heyd, Sr., in his capacity of Criminal Sheriff for the Parish of Orleans. A rule nisi was issued ordering said defendant to *760 show cause why he should not “do what has been demanded of him in the above and foregoing petition.” The Criminal Sheriff filed an answer which denies that plaintiff is entitled to the relief sought. After trial of the rule, the court below, “considering the answer of the defendant to be insufficient,” made the rule absolute and rendered judgment in favor of plaintiff and against the Criminal Sheriff directing him to:
“ * * * proceed at once to place the name of Rodney J. Hoyle on his payroll account to be submitted to the City of New Orleans in the full sum of $1896.-38, representing the amount of salary due petitioner and not paid for the period March 8, 1963 to September 19, 1963.”
The City of New Orleans took an appeal. Appellee has filed a motion to dismiss based upon the contention that the City of New Orleans has no interest which is affected by the judgment and, therefore, has no right to appeal therefrom.
As before stated, the Mayor of the City of New Orleans and the City’s Director of Finance were made parties defendant. They interposed an exception of no cause or right of action which sets forth:
“Plaintiff’s petition does not show a cause or right of action against ex-ceptors in that plaintiff states that he was an employee of the Office of Criminal Sheriff, an unclassified office in which employees are not under the benefits of Civil Service and may be dismissed for any reason or for no reason at all. Furthermore, the policy and control of this office is not under the jurisdiction of exceptors but is rather under the complete control of the Criminal Sheriff. Plaintiff also fails to state any managerial connection between exceptors and the Criminal Sheriff, an independent elected official, but rather joins exceptors as parties defendant because the City of New Orleans and the Department of Finance prepare the payroll for the employees of the Criminal Sheriff, a completely ministerial function and one which is required by law.”
The exception was never tried. It is evident that in view of the recitals of the exception, plaintiff, when filing his amended and supplemental petition, abandoned his demands as against the Mayor and Director of Finance and prosecuted the suit against the Criminal Sheriff alone.
The Criminal Sheriff for the Parish of Orleans is a constitutional officer. Const. 1921, art. 7, § 89, LSA. His duties are defined in LSA-R.S. 33:1523 as amended. According to LSA-R.S. 33:1524, as amended, he is endowed with the right to appoint deputy sheriffs, assistants, and clerks in accordance with said statutory provision. The City of New Orleans has • no rights, powers, authority or jurisdiction over any constitutional officers, boards and' commissions, their deputies, subordinates and employees, or over any State, district and parochial officers, boards, commissions and funds, their deputies, subordinates and employees. Const.1921, art. 14, § 22.
By the terms of LSA-R.S. 33:1525, the-City of New Orleans shall pay the salaries of the Criminal Sheriff, his deputies, assistants and clerks, and it is the ministerial1 duty of the governing authorities of the City to make appropriation therefor in its yearly budget and issue checks in payment of all the salaries upon semi-monthly payrolls approved and submitted by the Criminal Sheriff for the Parish of Orleans.
We understand that the City of New Orleans had made proper appropriation for plaintiff’s salary covering the period for which he had been suspended; plaintiff drew no pay while under suspension. He-was not employed elsewhere, nor was anyone appointed or employed by the Criminal' Sheriff in his place.
LSA-Code of Civil Procedure, art. 2082 provides:
“Appeal is the exercise of the right of a party to have a judgment of a trial *761 court revised, modified, set aside, or reversed by an appellate court.”
A party who has no interest in changing the judgment of the lower court cannot exercise the right of appeal. Arrowsmith v. Rappelge, 19 La.Ann. 327. And a party may he said to have no interest in an appeal when he cannot benefit by any reversal or change in the judgment from which he appeals. Succession of Porter, Docket No. 7887, Court of Appeal Parish of Orleans (unreported); Bivona (or Bevona) v. Fontana, Docket No. 7981, Court of Appeal Parish of Orleans (unreported— cert, denied); Werhan v. Helis, 147 So.2d 260.
LSA-Code of Civil Procedure, art. 2086, which permits an appeal by a person who could have intervened in the trial court, has no application here. The City of New Orleans is not such a person. It was, through its officials, made a party defendant and sought to extricate itself from the suit; therefore, there is no third-party appellant before us.
The above mentioned officials of the City of New Orleans who were sought to be made co-defendants, as will be seen by the averments of their exception, objected to their inclusion in the suit, the ground being that any judgment rendered against the Criminal Sheriff would be of no concern to them or the City. Whereas plaintiff left said officials out of consideration and pursued the Criminal Sheriff only, we do not think the City should be heard to say it has such interest as would permit it to prosecute an appeal. Considering the exception and the constitutional and statutory provisions above alluded to, we cannot comprehend how the City can be affected. The Criminal Sheriff does not complain, and no reason exists why the City should.
Therefore, the motion to dismiss is maintained, and the appeal is dismissed.
Appeal dismissed.