237 So.2d 697 (1970)
Melvin DAUZAT
v.
Robert F. CRITES et al.
No. 3965.
Court of Appeal of Louisiana, Fourth Circuit.
July 6, 1970.
*698 Roccaforte & Rousselle, Leo W. Rousselle and Frank W. Roccaforte, New Orleans, for plaintiff-appellant.
Rudolph O. Vorbusch, Asst. Atty. Gen., for the State of Louisiana, defendants-appellees.
Before SAMUEL, REDMANN and LeSUEUR, JJ.
SAMUEL, Judge.
This is a suit for personal injuries and property damages sustained by plaintiff in a motorcycle-automobile collision.
As plaintiff was riding a motorcycle in a westerly direction on South Broad Avenue in the City of New Orleans, he was struck by an automobile backing into South Broad from an Orleans Parish Prison driveway. The automobile was driven by Robert Crites, then incarcerated in the prison for contempt of an order of the Juvenile Court in New Orleans to pay child support. At the time of the accident Crites, a trusty, had been assigned by the criminal sheriff for the Parish of Orleans to work in the prison parking garage and was moving the car, which belonged to Mrs. Ruth Kloepfer, an employee of the sheriff's office, from one parking spot to another.
Suit was filed against numerous defendants; but when the case came to trial, only three remained: Mrs. Kloepfer, the liability insurer of her vehicle, Preferred Risk Mutual Insurance Company, and the State of Louisiana. Claims against all other defendants were disposed of prior to the trial, either by settlement or voluntary nonsuit.
After hearing the merits, the trial court found the trusty's negligence was the proximate cause of the accident and awarded plaintiff a judgment against the defendant insurer to the extent of its policy's limits. Plaintiff's suit was dismissed as to Mrs. Kloepfer and the State of Louisiana. Plaintiff has appealed and has limited his appeal to that part of the judgment which dismisses his suit against the State. In this court he contends that under the doctrine of respondeat superior the State is liable for the negligence of the trusty while he was performing work pursuant to orders of the criminal sheriff. We do not agree with the contention. Even assuming, but not deciding, that the State is responsible for the operation of the parish prison, we cannot conclude the State is liable for the negligence of a trusty.
Plaintiff argues that because Crites was working, and driving the Kloepfer car as a part of his work, by orders of the criminal sheriff he was in effect an employee of the State at the time of the accident. This same argument was urged unsuccessfully in Trahan v. State, La.App., 158 So.2d 417. In that case a trusty guard in the state penitentiary fired a shot in the road in front of prisoners be thought were attempting to escape. The bullet ricocheted and struck the plaintiff, another trusty, in the leg. Plaintiff sought recovery from the State on the theory that the negligent trusty was acting as an agent for the State when the act of shooting occurred. The Court noted that if the negligent trusty was an agent of the State at the time of the shooting, the State would be liable under the doctrine of respondeat superior. It then set forth these four primary factors which must be considered in deciding whether the master-servant relationship does exist: (1) selection and engagement; (2) payment of wages; (3) power of dismissal; and (4) power of control. In concluding no such relationship did exist, at page 418 of the reported opinion the Court reasoned in part:
"The factors of selection and payment of wages warrant a finding of no master-servant relationship in the present case. The state does not select the prisoner to be its employee, nor does the prisoner voluntarily agree to work for the state. It is not a relationship created by mutual consent, but by force and operation of law as a result of the prisoner's conviction *699 of a crime. Even when a prisoner voluntarily assumes the position of a trustee, as in the present case, public policy does not permit his being elevated to the status of an employee of the State of Louisiana. A system whereby inmates are allowed to serve as trustees in a penal institution is a part of a rehabilitation program for certain prisoners. They are entrusted with certain duties in order to instill in them a sense of responsibility. The trustee program is not a method of hiring employees for the state. It is merely the performance of a duty by a convicted criminal who has been incarcerated in a public penitentiary."
While we are not in complete agreement with all of the reasoning in Trahan, and while the four primary factors therein set forth may not be conclusive in deciding all questions involving the master-servant or agent relationship, in the instant case the above quoted reasoning in Trahan is particularly applicable. And we are in complete agreement with the conclusion that a trusty in a penal institution is not an employee or an agent of the State and the State is not responsible for his negligence under the doctrine of respondeat superior.
Our attention has not been called to any Louisiana jurisprudence to the contrary and we know of none. Although plaintiff has cited several cases, which we discuss in the following paragraph, to support his claim against the State, a careful reading shows they are not apposite. It is true the State was held liable in three of the cited cases; but in each, liability resulted from the negligence, not of a trusty, but of an employee of the State. Here, as in Trahan, there was no negligence on the part of a state employee as distinguished from a trusty; the only negligence complained of was on the part of the trusty, Crites.
In Webb v. Zurich Insurance Company, 251 La. 558, 205 So.2d 398, the negligence was the act of a special deputy and, in addition, there was no judgment against the State. Thus, in the cases cited by appellant a master-servant relationship did exist and that distinguishes them from the case now before us. In Lewis v. State, 207 La. 194, 20 So.2d 917, the injury allegedly resulted from acts of cruelty and willful neglect by employees and the superintendent of a state hospital. In Lewis v. State, La. App., 176 So.2d 718, the State was held liable for the fatal beatings of an inmate of the State Industrial School at Scotlandville. However, the beatings were administered by paid employees of the institution. In Webb v. State, La.App., 91 So.2d 156, the State has held liable for injury to the plaintiff who had been shot by an escaped prisoner from the state penitentiary. But liability was based on a finding of negligence on the part of the penitentiary officials and employees for letting the prisoner escape.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.