283 So.2d 331 (1973)
Henry WAMBLES
v.
STATE of Louisiana et al.
No. 5650.
Court of Appeal of Louisiana, Fourth Circuit.
September 26, 1973.
Reese & Abadie, Peter J. Abadie, New Orleans, for plaintiff-appellant.
William J. Guste, Jr., Atty. Gen., Warren E. Mouledoux, First Asst. Atty. Gen., and William P. Curry, Jr., Asst. Atty. Gen., for defendant-appellee State of La.
Blake G. Arata, City Atty., and Jules A. Fontana, Jr., Asst. City Atty., for defendant-appellee City of New Orleans.
Before SCHOTT, J., and ST. AMANT and LeBRUN, JJ., Pro Tem.
SCHOTT, Judge.
This appeal is from a judgment maintaining exceptions of no right or cause of action filed by the State of Louisiana, City of New Orleans and Parish of Orleans, and dismissing plaintiff's suit against them.
Plaintiff's suit for damages resulting from personal injuries is based upon the following allegations:

"I
Defendants, State of Louisiana, City of New Orleans, Parish of Orleans, are bodies politic and corporate, charged with the responsibility of maintaining a penal system is the State of Louisiana, and this suit is brought pursuant to Senate Concurrent *332 Resolution #89 of the 1970 regular session of the Louisiana Legislature, said defendants being justly and truly indebted unto the plaintiff for the following to-wit:

II
On December 1, 1969, plaintiff was an inmate at the Parish Prison, and while so incarcerated, had acid thrown in his face by a fellow prisoner, causing him serious and permanent injuries, all as more fully set out herein below:

III
The aforedescribed accident results from the gross negligence of employees, agents and/or servants of defendants State of Louisiana, City of New Orleans, Parish of Orleans, in the following among other respects all of which will be proved at the trial:
1. In giving prisoners access to a dangerous instrumentality, when they knew or should have known of its inherent danger.
2. In failing to supervise prisoners in the use of this acid.
3. In failing to control the supply of acid.
4. In having the acid in the prison at all."
Plaintiff relies on the case of Dauzat v. Crites, 237 So.2d 697 (La.App. 4th Cir. 1970) in which this Court recognized that four primary factors must be considered in deciding whether a master-servant relationship exists: (1) Selection and engagement, (2) payment of wages, (3) power of dismissal, and (4) power of control. He contends that these four criteria apply to the relationship between the prison employees and the City of New Orleans, and alternatively that even if all four criteria do not apply some of the criteria do so that under the reasoning of the Dauzat case the negligent prison employees were employees of the City and the doctrine of respondeat superior applies.
Plaintiff further contends that the employment of prison employees by the Criminal Sheriff for the Parish of Orleans, along with the payment of wages and the power of dismissal, are handled by the City of New Orleans through its agency, the Civil Service Commission of New Orleans, and that consequently the application of these three of the four criteria to the relationship between the prison employees and the City leads to a conclusion that the employees are employees of the City of New Orleans.
But this argument fails because the Civil Service Commission of New Orleans is not a mere agency of the City. The Commission is a constitutionally created independent body. LSA-Const. art. 14, § 15. In the selection and engagement of, the payment of wages to, and the power of dismissal of his deputies, the Criminal Sheriff is in the same position vis a vis the Civil Service Commission as the City of New Orleans, in the employment of such employees as policemen or sanitation employees.
What is most important is the fact that the underlying cause of the injury to plaintiff as alleged by him in his petition is a dereliction in the control of the prison employees who had custody of the acid. This Court in Hoyle v. Schiro, 172 So.2d 759 (La.App. 4th Cir. 1965) had occasion to consider the relationship existing among the Criminal Sheriff, the City of New Orleans, its Mayor, its Director of Department of Finance, and Deputy Sheriffs employed in the Parish Prison, and held as follows:
"The Criminal Sheriff for the Parish of Orleans is a constitutional officer. Const. 1921, art. 7, § 89 LSA. His duties are defined in LSA-R.S. 33:1523 as amended. According to LSA-R.S. 33:1524, as amended, he is endowed with *333 the right to appoint deputy sheriffs, assistants, and clerks in accordance with said statutory provision. The City of New Orleans has no rights, powers, authority or jurisdiction over any constitutional officers, boards and commissions, their deputies, subordinates and employees, or over any State, district and parochial officers, boards, commissions and funds, their deputies subordinates and employees. Const. 1921, art. 14, § 22.
"By the terms of LSA-R.S. 33:1525, the City of New Orleans shall pay the salaries of the Criminal Sheriff, his deputies, assistants and clerks, and it is the ministerial duty of the governing authorities of the City to make appropriation therefor in its yearly budget and issue checks in payment of all the salaries upon semi-monthly payrolls approved and submitted by the Criminal Sheriff for the Parish of Orleans."
Since control rests exclusively with the Criminal Sheriff of the prison employees it can hardly be said that a master-servant relationship existed between the allegedly negligent deputies in this case and the City of New Orleans which would form the basis for vicarious liability on the part of the City for the tort complained of.
As to the State of Louisiana, the foregoing discussion is applicable to it, but plaintiff relies on the case of Trahan v. State, 158 So.2d 417 (La.App. 3rd Cir. 1963) and Webb v. State, 91 So.2d 156 (La.App. 1st Cir. 1956) as authority for his cause of action. Both of those cases have to do with the Louisiana State Penitentiary and in the Webb case the State was held liable for injury to the plaintiff who had been shot by an escaped prisoner from the State Penitentiary with liability based on a finding of negligence on the part of the penitentiary officials and employees for letting the prisoner escape. But here the duty to administer and to control employees of the Orleans Parish Prison has been delegated by the Constitution and Statutes to the Criminal Sheriff for the Parish of Orleans. Clearly none of the factors for a determination of a master-servant relationship set forth in the Dauzat case exists as between the State and the negligent prison employees in the instant case.
The exceptions of no cause of action filed by the State, the City and the Parish are well founded and accordingly the judgment is affirmed with the plaintiff to pay all costs of this appeal.
Affirmed.