GULOTTA, Judge.
In this tort action by a former inmate for damages suffered while incarcerated in the House of Detention in New Orleans, plaintiffs appeal from the pretrial dismissal of their petition against the City of New Orleans. The basis of the City’s motion to dismiss was that it had no responsibility for supervision or operation of the prison and could not be held liable for the alleged negligence of the deputy criminal sheriffs who staffed the facility. We affirm.
Plaintiff and her husband filed suit for damages resulting from the miscarriage of plaintiff’s pregnancy when she was incarcerated in the House of Detention. According to the petition, the miscarriage was caused by the negligence of the Orleans Parish Criminal Sheriffs Department who managed the prison and failed to attend to plaintiff when she developed problems with her pregnancy, or, alternatively, by the negligence of employees of Charity Hospital of New Orleans who failed to treat her properly. Named as defendants were the State of Louisiana, the Charity Hospital of New Orleans, the City of New Orleans, and the Orleans Parish Criminal Sheriff’s Department as a “division and agency” of the Parish of Orleans and the City.
The City filed a “Motion to Dismiss Complaint” on the grounds that the Criminal Sheriff for the Parish of Orleans was a separate public officer over whom the City has no rights, powers, authority or jurisdiction that would form the basis for any vicarious tort liability on the part of the City. The trial judge maintained the motion and dismissed plaintiffs’ claims against the City.
Appealing, plaintiffs contend the trial judge erred because LSA-R.S. 33:1523.1 specifically provides that the House of Detention, the city jail of New Orleans, shall be operated by the City. According to plaintiffs, though the Criminal Sheriff may be a separate officer, the City has selected the Sheriff as its agent to manage the prison and is therefore liable as a principal under the doctrine of respondeat superior. We disagree.
In Wambles v. State, 283 So.2d 331 (La.App. 4th Cir.1973), in a suit by an inmate of the Orleans Parish Prison for damages caused by the alleged negligence of employees of the Criminal Sheriff, we held that no master-servant relationship existed between the deputies and the City that would make the City vicariously liable for the deputies’ torts. Citing Hoyle v. Schiro, 172 So.2d 759 (La.App. 4th Cir.1965), we further noted in Wambles that the City had no rights, powers, authority, or jurisdiction over the Criminal Sheriff, who was a con *1180 stitutional officer under Const. 1921 Art. 7, § 89.[1]
In Foster v. Hampton, 352 So.2d 197 (La.1977), however, the Louisiana Supreme Court stated that the relationship between a parish sheriff and his deputy is not one of master and servant or principal and agent, but that the State as the employer of the deputy sheriff might be vicariously liable for the negligent torts of a deputy in the course and scope of his employment. Relying on these statements, the Supreme Court in a later decision in the same case, Foster v. Hampton, 381 So.2d 789 (La.1980), expressly disapproved of our holding in Wambles v. State, supra, insofar as it conflicted with a finding of an employment relationship between a deputy sheriff and the State.
In Jenkins v. Jefferson Parish Sheriffs Office, 402 So.2d 669 (La.1981), however, the Supreme Court reexamined the prior holdings in Foster v. Hampton, and held that a parish sheriff, as the employer of his deputy, can be held liable for the deputy’s torts in the course and scope of employment. In Jenkins, the court stated that an employment relationship exists between a parish sheriff and his deputies, that the sheriff exercises direct and indirect supervision and control over his employees, and that the sheriff, not the State, is therefore the appropriate governmental entity on which to place responsibility for the torts of a deputy sheriff. In so holding, the Jenkins court recognized that Act 318 of 1978 had revised LSA-R.S. 33:1433 to delete the statutory immunity previously enjoyed by parish sheriffs, and had enacted LSA-R.S. 42:1441 to relieve the State from liability for any damages caused by a sheriff within the course and scope of his official duties, or damages caused by the sheriffs employees. The court construed this enactment as an indication of the Legislature’s intent to place governmental responsibility for torts committed by a public employee on the public officer most closely related to the tort-feasor.
By analogy we conclude the City of New Orleans has no vicarious liability for the alleged torts of the sheriff’s deputies who had custody of plaintiff in the instant case. The Criminal Sheriff, not the City, supervises and controls the deputies and is the appropriate officer with responsibility for their alleged torts. Although no statute expressly relieves the City of liability, the City, like the State, is a separate governmental entity that should not be held liable under the doctrine of respondeat superior under these circumstances.
Plaintiffs’ reliance on 33:1523.1, which provides that the House of Detention of the City shall be operated by the City, is misplaced. On the basis of Jenkins, supra, it is clear that the Criminal Sheriff, not the City, would be vicariously liable for the torts of his deputies in the prison, notwithstanding it is statutorily a “city” rather than a “parish” prison. Plaintiffs’ petition recognizes that the House of Detention is “one of the facilities managed by the Orleans Parish Criminal Sheriff’s Department”. Furthermore, according to the petition, plaintiff in the instant case was not being held in custody for violation of a City ordinance, but rather had been arrested by Federal Marshals and was being held by the Criminal Sheriff by “customary agreement” between the federal officials and the Criminal Sheriff’s department. Under these circumstances, no master-servant or principal-agent relationship existed between the Criminal Sheriff and the City concerning plaintiff’s imprisonment. Accordingly, we conclude there is no legal basis for holding the City liable for a prison-related tort alleged in the instant case.
Having so concluded, we affirm the judgment of the trial court.
AFFIRMED.

. The provisions of the 1921 constitution have been retained as the statute in LSA-R.S. 33:1519.1.