486 So.2d 199 (1986)
Morris BANKSTON
v.
B & H AIR TOOLS, INC., et al.
No. 84-CA-1454.
Court of Appeal of Louisiana, First Circuit.
March 25, 1986.
Writ Denied May 30, 1986.
*200 W. Hugh Sibley, Greensburg, and James Morrison, Hammond, for plaintiff-appellant Morris Bankston.
Stephen Wilson, Baton Rouge, for intervenor-appellee Home Ins. Co.
Carolyn Pratt Perry, Baton Rouge, for defendant-third party plaintiff-appellee Gulf States Abrasives.
Stephen Broyles, Baton Rouge, for third party defendants-appellees Black & Decker (U.S.) Inc., Black & Decker Mfg. Co.
Matthew Hill, Lafayette, for defendant-appellee State Farm Fire & Cas. Co.
Before EDWARDS, LANIER and PONDER[*], JJ.
EDWARDS, Judge.
From a judgment dismissing his action on a plea of prescription, plaintiff appeals. We affirm.
Plaintiff was injured on the job on January 7, 1978, when a grinding wheel exploded. He received worker's compensation for a while, but was eventually released by his doctor to go back to work. Then, seeking to recover in a products liability action, he filed a damage suit on January 5, 1979, naming as defendants B & H Air Tools, Inc., XYZ Manufacturing Company, John Doe Insurance Company, and Richard Roe Insurance Company. In April 1979, he amended his petition to add State Farm Fire and Casualty Company (the insurer of B & H) and Gulf States Abrasives Manufacturing Company. Gulf States then filed a third party action against Black & Decker, the manufacturer of the grinding wheel motor. On June 30, 1983, the court dismissed plaintiff's action against B & H on a motion for summary judgment. Plaintiff did not appeal this judgment, and it is now definitive. Subsequently the court granted summary judgment in favor of Gulf States and Black & Decker on the grounds that plaintiff's action had prescribed. It is the summary judgments in favor of Gulf States and Black & Decker that plaintiff now appeals.

GULF STATES ABRASIVES
Although the objection of prescription is usually raised by peremptory exception, it may be raised by summary judgment. See Scott v. Butler Brothers Furniture Co., 315 So.2d 809, 810 (La.App. 1st Cir.1975). Because Gulf States was added as a defendant more than one year after the accident occurred, plaintiff's action against it has prescribed unless the amending petition by which Gulf States was added related back to the original petition, or unless prescription was interrupted.
An amending petition which names a wholly new defendant is tantamount to the assertion of a new cause of action, and consequently does not relate back to the date of the filing of the original petition. Ray v. Alexandria Mall, 434 So.2d 1083, 1087 (La.1983); Hebert v. Doctors Memorial Hospital, 477 So.2d 1227, 1229 (La.App. 1st Cir.1985), cert. granted, 480 So.2d 734 (La.1986).
Plaintiff alleged that all of the defendants, including the later added defendants, were solidary obligors. And the timely filing of suit against one solidary obligor interrupts prescription as to all. See LSA-C.C. art. 1793. However, interruption of prescription against solidary obligors cannot be accomplished by the use of fictitious names in pleadings. Templet v. Johns, 417 So.2d 433, 436 (La.App. 1st Cir.), cert. denied, 420 So.2d 981 (La.1982). For prescription to be interrupted, at least one actual solidary obligor must be sued. The only actual named defendant timely sued was B & H, but B & H was subsequently dismissed from the suit on a motion for summary judgment. Thus B & H *201 was not liable, and a fortiori, was not liable in solido with Gulf States. See Small v. Caterpillar Mfg. Corp., 319 So.2d 843, 845-46 (La.App. 1st Cir.1975).
Plaintiff did not appeal the judgment dismissing B & H, and consequently that judgment is not before us. Nevertheless, the Supreme Court recently held that one alleged solidary obligor's liability could be relitigated in order to determine the issue of solidarity, though the judgment in favor of that alleged solidary obligor was definitive. See Vicknair v. Hibernia Building Corp., 479 So.2d 904, 908 (La.1985). Plaintiff, however, makes no claim on appeal that the trial court was incorrect in finding that B & H was not liable, and from our review of the record, we find no reason to question the trial court's judgment dismissing B & H. Thus the apparent solidarity between B & H and Gulf States was only an illusion; plaintiff's suit, though timely filed, named no proper party defendants. Because there was no interruption of prescription, plaintiff's action against Gulf States, filed more than one year after his injury, is prescribed.
We reject plaintiff's argument that prescription began to run, not from the day of his injury, but from the day his doctor released him to go back to work. This is not a case in which plaintiff did not discover his damages until some time after the injury. Plaintiff knew immediately that the injury had occurred. See Bernard v. Air Logistics, Inc., 407 So.2d 469, 470 (La.App. 1st Cir.1981), cert. denied, 409 So.2d 656 (La.1982).

BLACK & DECKER
Because plaintiff cannot benefit by any change in the judgment dismissing Black & Decker, he has no interest in or right to appeal that judgment. See Hoyle v. Schiro, 172 So.2d 759, 760 (La.App. 4th Cir.1965). Only persons aggrieved by trial court judgments have the right to appeal. Emmons v. Agricultural Insurance Co., 158 So.2d 594, 599 (La.1963).
Plaintiff did not sue Black & Decker; he is not harmed by their dismissal. Even Gulf States is not aggrieved by the dismissal because we have already concluded that plaintiff's claim against Gulf States has prescribed, and therefore Gulf States' third party demand against Black & Decker is no longer viable.
For the foregoing reasons the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[*] Judge Elven E. Ponder, retired, appointed to hear appeals vice Judge John S. Covington, temporarily assigned to the Twenty-Fifth Judicial District Court.