878 So.2d 574 (2004)
Grover PERKINS, Sr.
v.
Donovan WILLIE and Allstate Insurance Co.
No. 2003 CA 0126.
Court of Appeal of Louisiana, First Circuit.
April 2, 2004.
*575 Carl A. Perkins, Covington, for Plaintiff-Appellant Grover Perkins, Sr.
John C. Jacobs, Baton Rouge, for Defendant-Appellee American International South Insurance Company.
Before: PETTIGREW, DOWNING, and McCLENDON, JJ.
PETTIGREW, J.
From a judgment dismissing his action on a plea of prescription, plaintiff has appealed. We reverse and remand for further proceedings.

FACTS
On January 19, 1998, Grover Perkins, Sr. ("Mr.Perkins") was stopped in his vehicle at an intersection in Uneedus, Tangipahoa Parish, Louisiana, when the vehicle he was operating was struck as a result of a collision between two other vehicles. Prior to the accident, Clayton Garrett ("Mr.Garrett") was traveling on the favored roadway when Donovan Willie ("Mr.Willie") failed to yield the right of way and turned left in front of Mr. Garrett, resulting in a collision. The vehicles of Mr. Garrett and Mr. Willie thereafter impacted Mr. Perkins's vehicle while he was stopped at a stop sign.
On January 19, 1999, Mr. Perkins filed a Petition for Damages wherein he named Mr. Willie and Mr. Willie's automobile liability insurer, Allstate Insurance Company ("Allstate"), as defendants alleging injuries as a result of the aforementioned accident. Mr. Perkins requested that service on said defendants be withheld. On February 16, 2000, Mr. Willie and Allstate filed a Motion to Dismiss based upon Mr. Perkins's failure to timely request service of the petition pursuant to Louisiana Code Civ. P. articles 1201 and 1672(c). The motion was scheduled to be heard on May 1, 2000, but was continued at the request of Mr. Perkins.
Meanwhile, on July 19, 2000, Mr. Perkins filed an amended petition wherein he named Mr. Garrett and Mr. Garrett's automobile liability insurer, American International South Insurance Company ("American International"), as additional new defendants. Service of only the amended petition[1] was requested. Service was obtained on American International through the Secretary of State.[2]
On September 5, 2000, the trial court heard the Motion to Dismiss filed by Mr. Willie and Allstate. Following a hearing, the trial court rendered judgment granting the motion and dismissed Mr. Perkins's claims against Mr. Willie and Allstate without prejudice. An appeal was taken *576 and this court affirmed the ruling of the trial court.[3]
In the interim, American International filed a peremptory exception raising the objection of prescription; however, a hearing on the exception was continued pending Mr. Perkins's appeal of the trial court's grant of the motion to dismiss filed by Mr. Willie and Allstate. The exception filed by American International was set for hearing again on September 9, 2002. At the conclusion of the hearing, the trial court maintained the exception and dismissed Mr. Perkins's claims against Mr. Garrett and American International. A written judgment was later signed on September 18, 2002. From this judgment, Mr. Perkins now appeals.

ISSUE PRESENTED ON APPEAL
The sole issue assigned by Mr. Perkins on appeal is whether the trial court erred in maintaining American International's peremptory exception as to prescription with respect to the newly-added defendants.

DISCUSSION
In connection with his appeal, Mr. Perkins asserts that Mr. Garrett and American International are joint tortfeasors with Mr. Willie and Allstate. Mr. Perkins asserts that Mr. Willie and Allstate were timely sued, but concedes that said defendants were subsequently dismissed due to his failure to request service timely. Nevertheless, Mr. Perkins claims that a suit timely filed against one joint tortfeasor interrupts prescription as against all remaining joint tortfeasors.
Conversely, American International denies that Mr. Garrett and itself are joint tortfeasors with Mr. Willie and Allstate. American International further claims that Mr. Garrett and itself were not mentioned in, nor served with, the original petition filed by Mr. Perkins; therefore, they could not know of the general factual allegations contained therein and be sufficiently placed on notice to protect their rights. Finally, American International alleges that because Mr. Perkins's original petition was never served, all subsequent proceedings are absolutely null and prescription was not interrupted.
In our review of this matter we are mindful that delictual actions are subject to a liberative prescription of one year, which runs from the day injury or damage is sustained. La. Civ.Code article 3492. Prescription is interrupted when suit is timely filed in a court of competent jurisdiction and venue. La. Civ.Code article 3462. An interruption of prescription against one solidary obligor is effective against all other solidary obligors, and the interruption continues while the suit is pending. La. Civ.Code articles 1799, 2324, 3463 and 3503; Picone v. Lyons, 601 So.2d 1375, 1377 (La.7/1/02). Further, an interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors. La. Civ.Code article 2324(C). This court has previously held that for prescription to be interrupted, at least one actual solidary obligor must be timely sued. Bankston v. B & H Air Tools, Inc., 486 So.2d 199, 200 (La.App. 1 Cir.1986), writ denied, 488 So.2d 1021 (La.1986).
Louisiana Code of Civil Procedure article 1201(C) requires that service of the petition shall be requested on all named defendants within ninety days of the commencement of the action. The official notes following this article indicate that the foregoing codal provision was added pursuant to Acts 1997, No. 518, which also enacted a correlated amendment to La. *577 Code Civ. P. article 1672. Said amendment, La.Code Civ. P. article 1672(C), requires that an action be dismissed without prejudice, when service is not requested within ninety days, unless good cause is shown why service could not have been requested.
In addition, a concomitant statutory provision, La. R.S. 9:5801, was also added pursuant to Acts 1997, No. 518, § 3, and provides that an interruption of prescription is considered never to have occurred where a defendant is dismissed because service was not timely requested, and the court finds that the plaintiff's failure to request service timely was the result of bad faith.
A review of the facts before this court indicates that Mr. Perkins filed suit timely against Mr. Willie and Allstate in a court of competent jurisdiction. Due to Mr. Perkins's failure to thereafter request service on said defendants within ninety days, the trial court correctly dismissed Mr. Perkins's claims against these defendants without prejudice.
This court later affirmed said dismissal on appeal. Absent a finding by the court that Mr. Perkins's failure to request service within ninety days on Mr. Willie and Allstate was a result of bad faith, we must conclude that bad faith was not an issue. Prior to the hearing in the trial court that resulted in the dismissal of Mr. Willie and Allstate, Mr. Perkins filed an amended petition and named Mr. Garrett and American International as additional defendants.
Mr. Garrett and American International were added as defendants more than one year after the accident from which this claim arises. Accordingly, Mr. Perkins's action against these new defendants has prescribed unless the amending petition by which these new defendants were added related back to the original petition, or unless prescription was interrupted.
Louisiana Code of Civil Procedure article 1153 provides that when the action asserted in an amended petition arises out of the conduct or occurrence set forth in the original pleading, the amendment relates back to the date of filing the original pleading. In Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), our Louisiana Supreme Court examined Federal Rule of Civil Procedure 15(c), as well as federal jurisprudence and established four criteria for determining whether La.Code Civ. P. article 1153 allows an amendment that changes the identity of the party or parties sued to relate back to the date of filing of the original petition:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would not have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
Ray, 434 So.2d at 1087.
Relying on Ray, this court has held that an amending petition that names a wholly new defendant is tantamount to the assertion of a new cause of action, and consequently does not relate back to the filing of the original petition. Bankston, 486 So.2d at 200.
*578 However, at issue in Ray was a situation where the wrong party was named as a defendant. It is our belief that the holding of Ray does not apply where, as in the instant case, the plaintiff has timely sued and correctly named at least one joint obligor. Neither Ray, nor La.Code Civ. P. article 1153 were meant to apply in situations such as the one presented in this case, where prescription is alleged to have been interrupted through the filing of a petition for damages against a joint obligor in a court of competent jurisdiction and venue.
In its brief to this court, defendant American International argues that the four factors established by our supreme court in Ray, are not present in the instant case. We conclude that this assertion is of no moment in light of our previous determination that the factors set forth in Ray are inapposite to the facts presently before us.
In Bankston v. B & H Air Tools, Inc., 486 So.2d 199 (La.App. 1 Cir.1986), writ denied, 488 So.2d 1021 (La.1986), the plaintiff timely sued a defendant, and more than a year after the injury, amended his petition to name two additional defendants that he claimed were solidarily liable. When the timely served defendant was subsequently dismissed on summary judgment, the newly-added defendants sought summary judgment based upon prescription. Plaintiff unsuccessfully appealed to this court, which held that the trial court's earlier uncontested finding of no liability on the part of a timely sued defendant alleged to have been a solidary obligor, failed to interrupt prescription as to defendants added after the running of prescription.
The holding of Bankston is inapplicable to the facts presented by the instant case because unlike Bankston, the trial court's dismissal of the alleged joint obligors, Mr. Willie and Allstate, pursuant to La.Code Civ. P. article 1672(C), was without prejudice. Thus, there has not been a judicial determination that these defendants were not jointly obligated to repair Mr. Perkins's damage.
American International further argues that absent citation and service of process of the original petition pursuant to La.Code Civ. P. article 1201, all subsequent proceedings are absolutely null. This argument was advanced in Jacobs v. Louisiana Farm Bureau Insurance Companies, 2001-837 (La.App. 3 Cir. 12/19/01), 815 So.2d 858, writ denied, XXXX-XXXX (La.3/28/02), 811 So.2d 946, wherein the third circuit quoted Black's Law Dictionary and reasoned:
An absolute nullity is "an act in a cause which the opposite party may treat as though it had not taken place, or which absolutely no legal force or effect." This would mean that, at the 90 day mark without service, no suit exists. It is as if it had never been filed. Thus, there would be nothing to dismiss and nothing to continue. Yet, La.Code Civ. P. art. 1672(C) requires that a suit be dismissed when service is not requested within ninety days, and the article allows for the suit's continuation, if good cause is shown why service could not have been requested; La.Code Civ. P. art. 1201(C) and La. R.S. 13:5107(D) provide that dismissal can be waived, permitting the suit to proceed. This implies that there is a suit in existence after 90 days have elapsed without service....
Further support for our interpretation, sub judice, lies within La.Code Civ. P. art. 1201(A), which provides that "citation and service thereof are essential in all civil actions except summary and executory proceedings and divorce actions under Civil Code Article 102. Without them all proceedings are absolutely *579 null." (Emphasis added.) When this article is read in pari materia with others, above, on the same subject matter, it is apparent that the legislature intended that "all proceedings" on the suit, not the suit, would be absolutely null without citation and service. Otherwise, again, the other articles and statutes have no force. While "proceedings" encompass "pleadings" (suits) because, generally, without pleadings, there can be no proceeding, "pleadings" and "proceedings" are not synonymous. "Pleadings" are the statement of allegations which gives notice to an opposing party of the allegations against him. "Proceedings" are courts' activities in processing the legal action. Thus, under La.Code Civ. P. art. 1201(A), it is the courts' actions that are absolutely null, not the pleadings themselves, because, under the law, the "defect" of lack of citation and service can be waived or cured, after which courts can proceed.
Jacobs, 2001-837 at 5-6, 815 So.2d at 862 (Footnotes omitted).
For the foregoing reasons, we hold that the timely filing of suit by Mr. Perkins in a court of competent jurisdiction and venue against Mr. Willie and Allstate served to interrupt prescription as to all other joint obligors. The fact that Mr. Willie and Allstate were later dismissed due to his failure to request service timely is of no moment since the dismissal was without prejudice. We therefore conclude that the trial court erred in maintaining the peremptory exception raising the issue of prescription. Accordingly the peremptory exception as to prescription filed by defendant American International is hereby overruled.

DECREE
In accordance with reasons set forth above, the trial court's judgment maintaining the peremptory exception as to prescription is reversed. Since the exception was sustained prior to a trial on the merits, we remand this matter to the trial court to allow defendants to file an answer and for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
DOWNING, J., concurs.
McCLENDON, J., concurs and assigns reasons.
McCLENDON, J., concurring.
For the following reason, I respectfully concur. I disagree with the majority's statement that the holding in the case of Bankston v. B & H Air Tools, Inc., 486 So.2d 199 (La.App. 1 Cir.1986), writ denied, 488 So.2d 1021 (La.1986), is inapplicable herein. Rather, I believe the application of Bankston to the instant case is premature, as there has not yet been a judicial determination as to whether Mr. Willie and Allstate are joint obligors with Mr. Garrett and American International.
NOTES
[1] Service of the original petition was not requested.
[2] Service of process on Mr. Garrett was returned unserved on July 26, 2000.
[3] Perkins v. Willie, XXXX-XXXX (La.App. 1 Cir. 2/27/02), 818 So.2d 167.