# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

2021 CA 1596

JESSICA JENKINS

VERSUS

RIAN KAUFFMAN, PROGRESSIVE PALOVERDE INSURANCE COMPANY, GRADY CRAWFORD CONTRUCTION CO., INC. OF BATON ROUGE AND THE PHOENIX INSURANCE COMPANY

Judgment rendered: ___ **JUL 1 3 2022**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C664215

The Honorable Timothy E. Kelley, Judge Presiding

* * * * *

| | |
|---|---|
| Matt N. Terrell<br>James H. Peltier, Jr.<br>C. Taylor Breland<br>Baton Rouge, Louisiana | Attorneys for Plaintiff/Appellant<br>Rian Kauffman |
| David M. Lefeve<br>Baton Rouge, Louisiana | Attorney for Appellee<br>City of Baton Rouge/Parish of East Baton Rouge |
| Janice M. Reeves<br>Baton Rouge, Louisiana | Attorney for Appellees<br>Grady Crawford Construction Co., Inc. of Baton Rouge, The Phoenix Insurance Company, Bellsouth Telecommunications, Inc. d/b/a AT&T Louisiana, and Travelers Property Insurer of America |
| Kaye C. Templet<br>Baton Rouge, Louisiana | Attorney for Appellee<br>Progressive Paloverde Insurance Company |
| G. Andrew Veazey<br>Lafayette, Louisiana | Attorney for Appellee<br>Flowers Baking Company of Baton Rouge |
| Erica M. Andrus | Attorney for Appellees |

Baton Rouge, Louisiana       Jessica Jenkins and GEICO Casualty Co.

* * * * *

**BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.**

**HOLDRIDGE, J.**

This appeal arises from the dismissal of the appellant's claims against the appellee when a peremptory exception raising the objection of prescription was granted. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On September 16, 2017, vehicles driven by Jessica Jenkins and Rian J. Kauffman collided at the intersection of St. Vincent DePaul Drive and Convention Street in Baton Rouge, Louisiana. Ms. Jenkins was driving eastbound on Convention Street and Mr. Kauffman was driving southbound on St. Vincent DePaul Drive. A work tent had been erected in front of the stop sign controlling traffic proceeding southbound on St. Vincent DePaul Drive, allegedly obstructing Mr. Kauffman's view of the stop sign and causing the collision. On December 11, 2017, Ms. Jenkins filed suit against Mr. Kauffman and his insurer, Progressive Paloverde Insurance Company ("Progressive"), seeking personal injury damages. She also named as defendants Grady Crawford Construction Company Inc. of Baton Rouge ("Grady Crawford"), which had allegedly erected the work tent so that utility work could be performed, and Grady Crawford's insurer, the Phoenix Insurance Company ("Phoenix").

On February 14, 2018, Mr. Kauffman filed a reconventional demand seeking personal injury damages arising from the September 16, 2017, accident against Grady Crawford, Phoenix, Ms. Jenkins, GEICO Casualty Company ("GEICO"), her insurer, and Progressive, his uninsured/underinsured motorists insurer. On May 21, 2018, Mr. Kauffman amended his petition in reconvention to add as defendants in reconvention BellSouth Communications, LLC d/b/a AT&T Louisiana ("AT&T") and its insurer, Travelers Property Casualty Company of America ("Travelers"). He alleged that the work tent was erected at the direction of AT&T.

3

Ms. Jenkins's claims against all of the defendants on her main demand were subsequently dismissed in two judgments of dismissal.[1] Thus, the only remaining claims in the lawsuit arose from Mr. Kauffman's reconventional demand.

On June 15, 2021, Mr. Kauffman filed a second amended petition in reconvention seeking to add the Department of Public Works ("Department"), Flowers Baking Co. of Baton Rouge, LLC ("Flowers"), and Superior Nationwide Logistics, Ltd. ("Superior") as defendants.[2] He alleged that "[i]n addition, and/or in the alternative," the Department "caused or contributed to causing the subject crash and [Mr. Kauffman's] damages by negligently failing to place a portable or temporary stop sign at [the intersection]." He alleged that employees of Flowers and Superior parked their delivery trucks in a manner which obstructed the view of the intersection. The court granted leave for Mr. Kauffman to file the second supplemental and amended petition in reconvention on June 16, 2021.

On July 29, 2021, the City of Baton Rouge/Parish of East Baton Rouge, ("City/Parish") incorrectly named as the Department of Public Works, filed a peremptory exception raising the objection of prescription. The City/Parish alleged that Mr. Kauffman's original petition in reconvention did not interrupt prescription as to the City/Parish. Because the City/Parish was not named as a defendant until June 15, 2021, and the accident occurred on September 16, 2017, it alleged that this matter was prescribed under La. C.C. art. 3492, which provides for a one-year prescriptive period.

---

[1] On November 15, 2019, the court signed a partial motion and order to dismiss with prejudice Ms. Jenkins' suit against Mr. Kauffman and Progressive. On February 12, 2020, the court signed a partial motion and order to dismiss with prejudice Ms. Jenkins' claims against Grady Crawford, Phoenix, and Bellsouth.

[2] Mr. Kauffman filed a third amended reconventional demand to rename Superior as SNL Distribution Services Corporation.

4

After hearing argument, the court granted the exception and issued reasons for judgment. On October 29, 2021, the court signed a judgment granting the peremptory exception raising the objection of prescription and dismissing Mr. Kauffman's claims against the City-Parish with prejudice. From this judgment, Mr. Kauffman appeals.

## STANDARD OF REVIEW

A judgment granting a peremptory exception is generally reviewed *de novo*, because the exception raises a legal question. **Quatrevingt v. State through Landry,** 2017-0884 (La. App. 1 Cir. 2/8/18), 242 So.3d 625, 631, writ denied, 2018-0391 (La. 4/27/18), 239 So.3d 837. However, when an exception raising the objection of prescription is tried with evidence introduced at a hearing, the trial court's findings of fact on the issue are subject to the manifest error standard of review. See **Id**. However, in a case involving no dispute regarding material facts, only the determination of a legal issue, a reviewing court must apply the *de novo* standard of review, under which the trial court's legal conclusions are not entitled to deference. **Crocker v. Baton Rouge General Medical Center-Mid City,** 2018-0132 (La. App. 1 Cir. 10/25/18), 2018 WL 5307714 at *4 (unpublished), writ denied, 2018-1911 (La. 2/18/19), 264 So.3d 451.

## DISCUSSION

On appeal, Mr. Kauffman contends that the court erred in granting the peremptory exception raising the objection of prescription, alleging that prescription as to the City-Parish was interrupted by the timely-filed reconventional demand against alleged joint tortfeasors. He contends that the court improperly granted the exception based on its determination in its reasons for judgment that, under **Ray v. Alexandria Mall,** 434 So.2d 1083, 1086 (La. 1983), and La. C.C.P. art. 1153, the second amended petition in reconvention adding the City/Parish as a defendant and

5

filed after the one-year prescriptive did not relate back to the timely-filed original and first amended petitions in reconvention.[3]

A personal injury claim is subject to a liberative prescription of one year, commencing to run from the day injury or damage is sustained. See La. C.C. art. 3492. As a general rule, prescription statutes "are strictly construed against prescription and in favor of the obligation sought to be extinguished." **Taranto v. Louisiana Citizens Property Insurance Corp.,** 2010-0105 (La. 3/15/11), 62 So.3d 721, 726. Ordinarily, the party urging prescription bears the burden of proof at trial of the exception; however, if the petition is prescribed on its face, the burden shifts to the plaintiff to show the action is not prescribed. **Id.,** 62 So.3d at 726. In this case, the second amended petition in reconvention is prescribed on its face because it was filed on June 15, 2021, over three years after the accident, which occurred on September 16, 2017. Therefore, Mr. Kauffman had the burden of proving that prescription was interrupted.

As to the interruption of prescription, La. C.C. art. 3462 provides, in pertinent part: "Prescription is interrupted ... when the obligee commences action against the

---

[3] The City/Parish based its prescription exception on La. C.C.P. art. 1153, which states, "[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth ... in the original pleading, the amendment relates back to the date of filing the original pleading." We note that as to a reconventional demand, La. C.C.P. art. 1156 states, "The petition, the answer, and the exceptions filed in an incidental action may be amended or supplemented in the manner provide in Articles 1151 through 1155."

In **Ray v. Alexandria Mall,** 434 So.2d 1083, 1086-87 (La. 1983), the Louisiana Supreme Court established the following criteria for determining whether La. C.C.P. art. 1153 allows an amendment which changes the identity of the party or parties sued to relate back to the date of filing of the original petition:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute (or added) defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute (or added) defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute (or added) defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

6

obligor, in a court of competent jurisdiction and venue." The interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs. See La. C.C. arts. 1799 and 3503.[4] Joint tortfeasors are solidarily liable for the damage they cause when they conspire to commit an intentional or willful act. La. C.C. art. 2324(A). If liability is not solidary pursuant to La. C.C. art. 2324(A), then "liability for damages caused by two or more persons shall be a joint and divisible obligation." La. C.C. art. 2324(B).[5] "Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." La. C.C. art. 2324(C). A joint tortfeasor is one whose conduct (whether intentional or negligent) combines with the conduct of another so as to cause injury to a third party. **Crocker,** 2018 WL 5307714 at *5. The term "joint tortfeasor" may be applied both to the situation where two or more persons are acting together in concert, or where "the negligence of concurrent tortfeasors... occurs or coalesces contemporaneously," to produce an injury. **Id.** When a plaintiff's basis for claiming an interruption of prescription is that the defendant is a joint tortfeasor with a defendant who was timely sued, the plaintiff bears the burden of proving that joint tortfeasor status and of establishing that prescription has been timely interrupted against a joint tortfeasor. See **Crocker,** 2018 WL 5307714 at *4; **McKenzie v. Imperial Fire and Casualty**

---

[4] Louisiana Civil Code article 3503 states, "[w]hen prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors."

[5] Louisiana Civil Code article 2324(B) provides, in part:

> A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.

7

**Insurance Co.,** 2012-1648 (La. App. 1 Cir. 7/30/13), 122 So.3d 42, 47, <u>writ denied</u>, 2013-2066 (La. 12/6/13), 129 So.3d 534.

Mr. Kauffman is correct that La. C.C.P. art. 1153 and the **Ray** case do not apply to the second amended reconventional demand seeking to add the City/Parish as a defendant in reconvention. At issue in **Ray** was a situation where the wrong party was named as a defendant, the plaintiff amended the petition to properly name the defendant, and the supreme court applied the four factors enunciated therein and held that the amended petition related back to the filing of the original petition.[6] In this case, the plaintiff in reconvention did not seek to amend his petition in reconvention to correctly name a party where he had initially named the wrong party as a defendant in his earlier petitions, nor did he seek to name a new defendant in place of a previously named defendant. Rather, Mr. Kauffman contends he timely sued and correctly named at least one joint tortfeasor and he sought to add an additional joint tortfeasor. Where prescription is alleged to have been interrupted through the timely filing of a petition for damages against a joint obligor in a court of competent jurisdiction and venue, **Ray** and La. C.C.P. art. 1153 do not apply. <u>See</u> **Luke v. CPlace Forest Park SNF, LLC,** 2017-0864 (La. App. 1 Cir. 5/18/18), 250 So.3d 995, 997-1000; **McKenzie,** 122 So.3d at 53 n.13; **Wheat v. Nievar,** 2007-0680 (La. App. 1 Cir. 2/8/08), 984 So.2d 773, 776; **Perkins v. Willie,** 2003-0126 (La. App. 1 Cir. 4/2/04), 878 So.2d 574, 578.

Because the trial court applied the wrong legal standard to determine if Mr. Kauffman's amended reconventional demand was prescribed, we must determine on a *de novo* review on appeal if Mr. Kauffman met his burden of proving joint tortfeasor status and of establishing that prescription was interrupted. <u>See</u> **Crocker,** 2018 WL 5307714 at *4; **McKenzie,** 122 So.3d at 47.

---

[6] See footnote 3.

8

The City/Parish filed a memorandum in support of its peremptory exception, with the original, first, and second amended petitions in reconvention attached. Mr. Kauffman filed a memorandum in opposition to the exception, to which he attached Ms. Jenkins' original and first supplemental petitions; the deposition of an AT&T employee, Paul Daniel Blouin; the deposition of a Grady Crawford employee, Trey Crawford; an October 27, 2017 letter from the City/Parish's third party adjuster with a Department sign maintenance report and photos attached; and a copy of the accident report.[7] The City/Parish filed a reply memorandum with a motion to strike the City/Parish letter with its attached photos and the accident report. The City/Parish also objected to the statements of Mr. Blouin and Mr. Crawford that they heard something from an ATT technician about a temporary stop sign as "triple hearsay."

At the hearing on the exception, the court granted the City/Parish's motion to strike the City/Parish letter and the accident report as inadmissible hearsay. The court accepted the depositions of Mr. Blouin and Mr. Crawford in evidence.[8]

In Mr. Kauffman's original reconventional demand, he alleged that Ms. Jenkins was negligent in, among other allegations, failing to keep a proper lookout, failing to keep her vehicle under control, failing to stop her vehicle in a timely manner, and failing to yield. He alleged that Grady Crawford was negligent in, among other allegations, negligently blocking, obscuring, or concealing the stop sign with the work tent, failing to train and/or supervise its employees in safely erecting work tents near traffic control devices, failing to train and/or supervise its employees

---

[7] Mr. Kauffman stated in his opposition memorandum he intended to introduce the entire suit record at the hearing on the exception, but at the hearing the court informed him that the proper procedure was to identify specific documents to be placed in the record at the hearing on the exception.

[8] Counsel for Mr. Kauffman offered, filed, and introduced into evidence the exhibits to his opposition memorandum, which were in the suit record. The court accepted them into evidence.

to place a temporary traffic control device in such a situation, failing to obtain appropriate permits for erecting a structure which blocks a traffic control device, and failing to notify the appropriate authorities of its intent to erect a structure blocking a traffic control device.

In Mr. Kauffman's first amended petition in reconvention, he alleged that AT&T's actions were a proximate cause of the collision and Mr. Kauffman's damages, asserting the same allegations made against Grady Crawford. Mr. Kauffman also alleged that AT&T failed to "to properly direct and supervise other persons, companies and/or entities under its direction and control in safely erecting work tents near traffic signals or traffic control devices" and that AT&T instructed "other persons, corporations or entities under its direction or control to increase the size or height of the tent." Mr. Kauffman sought judgment against all of the named defendants "jointly and in solido, for such damages as are reasonable."

In his second supplemental and amended petition in reconvention, Mr. Kauffman alleged that the City/Parish caused or contributed to the accident and his damages by negligently failing to place a portable or temporary stop sign at the intersection. He alleged that Mr. Crawford of Grady Crawford and Mr. Blouin of AT&T claimed that one of their employees contacted the Department and expressly requested that a temporary or portable stop sign be placed at the intersection, but it was never delivered. Mr. Kauffman's specific allegations as to the City/Parish were as follows:

> Upon information and belief and based upon the allegations and contentions of [AT&T] and Grady Crawford, the acts of fault, gross and wanton negligence, and lack of skill by [the City/Parish], which were the proximate cause of the collision and [Mr. Kauffman's] damages, were as follows:
> a. Failing to place a temporary or portable stop sign at the subject intersection with notice of a total or partial blockage of a stop sign by a work tent;

10

b. Failing to place a temporary stop sign at the subject intersection after it had been requested to do so;

c. Agreeing, but failing to place a temporary stop sign at the subject intersection;

d. Ignoring or otherwise refusing [AT&T's] and/or [Grady Crawford's] request to place a temporary stop sign at the subject intersection where the permanent stop sign had been blocked by a work tent;

e. Negligently blocking, obscuring and/or concealing the stop sign at the southbound intersection of St. Vincent De Paul Drive and Convention Street;

f. Failing to ensure that the view of a stop sign was not blocked, obscured or concealed;

g. Failing to act in a reasonable manner under the circumstances;

h. Failing to observe what the exercise of ordinary care would have revealed;

i. Failing to employ safe business practices under the circumstances;

j. Any and all other acts of negligence and/or fault to be proven at the trial.

Mr. Kauffman further alleged that "[a]s a result of the combined and/or contributory negligence of defendants in reconvention, which caused or contributed to causing [Mr. Kauffman's] damages, defendants ... are all jointly and solidarily liable for the damages sustained by [Mr. Kauffman]." In his prayer for relief, he asked for a judgment in his favor and against all of the defendants in reconvention jointly and in solido.

At the trial of a peremptory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La. C.C.P. art. 931.

In reviewing the evidence that Mr. Kauffman submitted in opposition to the peremptory exception raising the objection of prescription and the motion to strike filed by the City/Parish, we find that the trial court correctly ruled that the City/Parish letter and the accident report were inadmissible. The letter and accident report constitute inadmissible hearsay evidence. "Hearsay" is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted. La. C. E. art. 801(C). Hearsay is

11

not admissible except as provided in the Louisiana Code of Evidence or by other legislation. La. C.E. art. 802. Louisiana Code of Evidence article 803(8)(b)(i) specifically provides that investigative reports by police and other law enforcement personnel are excluded from the public records and reports exception to the hearsay rule. See **Goza v. Parish of West Baton Rouge**, 2008-0086 (La. App. 1 Cir. 5/5/09), 21 So.3d 320, 329, writ denied, 2009-2146 (La. 12/11/09), 23 So.3d 919, cert. denied, 560 U.S. 904, 130 S.Ct. 3277, 176 L.Ed.2d 1184 (2010). In our *de novo* review of the evidence submitted on the prescription exception, we will not consider the City/Parish letter and the accident report.

In determining whether the peremptory exception should be granted, we have reviewed the petitions in reconvention and the depositions of Mr. Blouin and Mr. Crawford. Mr. Blouin, an AT&T network manager in maintenance, and Mr. Crawford, a vice president at Grady Crawford who oversaw its contracts with AT&T at the time of the accident, both testified that they understood that an AT&T technician at the work site stopped a Department truck passing by to request a temporary sign. Mr. Blouin and Mr. Crawford testified that a temporary sign was delivered later, although there was no temporary stop sign at the time of the accident.

Based on the allegations in the petitions in reconvention and considering the foregoing testimony, we conclude that the timely filed suit against Grady Crawford and AT&T, alleged joint tortfeasors with the City/Parish, interrupted prescription against the City/Parish. See La. C.C. arts. 2324(C) and 3462; see also **McKenzie,** 122 So.3d at 49. We do not make any determination as to whether the City/Parish has any fault in causing the accident, but only conclude that if the City/Parish would have any fault, it would be a joint tortfeasor with the defendants that were timely sued. Accordingly, we reverse the judgment of the trial court in this regard and overrule the City Parish's objection raising the exception of prescription.

12

## CONCLUSION

For the foregoing reasons, we reverse the trial court's October 29, 2021 judgment sustaining the City of Baton Rouge/Parish of East Baton Rouge's peremptory exception raising the objection of prescription and dismissing Rian J. Kauffman's claims in his reconventional demand against the City of Baton Rouge/Parish of East Baton Rouge with prejudice. We remand this matter to the trial court for further proceedings. Costs of this appeal in the amount of $5,380.00 are assessed against the City of Baton Rouge/Parish of East Baton Rouge.

**REVERSED AND REMANDED.**