SARTAIN, Judge.
The matter now before us pertains to an appeal by the original defendant and third party plaintiff, Martha G. Vidos d/b/a Atchafalaya Shipbuilding Company (appellant) and third party defendants, Travelers Indemnity Company and Easten Smith d/b/a Paul’s Insurance Agency (ap-pellees) following a judgment of the district court which sustained appellees’ “Peremptory Exception of Prescription and/or Motion for Summary Judgment.
For reasons hereinafter stated we are of the opinion that the judgment of the district court is in error and that this matter should be remanded for further proceedings.
The facts giving rise to the instant matter are as follows: The original, plaintiff, H & H Boat Rental, Inc. (H & H) filed a petition on June 7, 1967 seeking from appellant the sum of $3,022.79 representing damages occasioned to an engine owned by H & H which was being placed in the latter’s tug, Elmer, at appellant’s shipyards and with the use of appellant’s crane.
Appellant then filed a third party petition against Travelers Indemnity Company and Easten Smith d/b/a Paul’s Insurance Agency. Appellant claims that it had insurance coverage with Travelers protecting it from the type of liability sought to be imposed by the original plaintiff. Travelers denied coverage and appellant therefore joined Easten Smith, Travelers’ issuing agent, asserting that Smith led appellant to believe that she was properly insured.
During the course of pre-trial discovery, depositions were taken of Miss Lois Garber, an employee of appellant and Mrs. James Turner, an employee of appellee, Easten Smith d/b/a Paul’s Insurance Agency. These depositions reflected that the damages to H & H’s engine occurred on June 4, 1964, or one year and three days prior to the filing of the suit. Based on this information, appellees filed the peremptory exception of prescription and/or motion for summary judgment. Notwithstanding the fact that these pleadings were so dually entitled, the trial judge undoubtedly sustained the peremptory exception of prescription on the grounds that this was an action in tort which prescribed in one year. Civil Code Article 3536. We come to this conclusion, in the absence of oral or written reasons by the trial judge, for the reason that the main thrust of the briefs (which were filed in the record) in support of and in opposition to the exception and/or motion for summary judgment pertain to the question of prescription.
*310 The issue on the question of prescription hinges upon whether or not the acts causing damage to H & H’s engine occurred on or over land so as to invoke state law and one year prescription; or whether or not the damages to the motor occurred over navigable waters so as to require the application of marine law and the doctrine of “laches”.
Appellee contends that appellant is bound by paragraph three of the original petition which states:
“On June 11, 1964, plaintiff’s tug ELMER was delivered to defendant’s shipyard at Morgan City, Louisiana for repair and installation of an engine. In order to place the engine in the vessel, it was picked up by a dragline being operated by an employee of defendant, and in the process of lowering the engine towards the vessel, the operator of the dragline suddenly stopped the machine with the result that the engine was cracked and extensively damaged.”
They urge that this paragraph alleges negligence as prescribed by our Civil Code Article 2315 and that its language completely negates the commission of a maritime tort.
Accordingly, appellee refused to negotiate or participate with appellant in the settlement of H & H’s claim. Appellees contend that the payment of a prescribed claim to H & H by appellant was in satisfaction of a natural obligation (C.C. Art. 1758) and that appellant cannot now recover from them for such sums as were actually paid to H & H. (C.C. Art. 1759). Appellees also declined to defend this action on behalf of appellant.
The only evidence offered in support of appellee’s exception and motion were the depositions of Miss Garber and Mrs. Turner. In Mrs. Turner’s deposition, though she was not a witness to the incident, she stated that Miss Garber had called her and said “ * * * this crane or something had broken and dropped this motor and had caused damage to the motor while the crane was being operated by Michael Vidos”. Judgment was rendered by the trial court sustaining both the exception and the exception and the motion for summary judgment on November 24, 1967.
Appellant timely applied for a new trial and in her application she attached an affidavit of Michael Vidos which stated that he was operating a dragline and raised the engine out of the truck and swung it into position over H & H’s floating vessel. He then states, “Before the engine could be lowered into its proper place a chain attaching the engine to the dragline parted and the engine fell into the floating vessel causing damage to the engine”.
Appellees argue before us that the affidavit of Michael Vidos was attached to a motion for a new trial and was not a part of the record or the pleadings and therefore cannot now be considered by us on appeal. We disagree with this contention.
When a peremptory exception of prescription is sustained the party whose action is thereby dismissed must be given an opportunity to amend the petition if the grounds supporting the exception can be removed by amendment. Of course, if the grounds of objection cannot be so removed, or if the party cast fails to comply with an order to amend, the action should be dismissed. (C.C.P. Art. 934).
In the instant matter the question of how the engine was damaged was raised as evidenced by the briefs of the parties submitted to the judge a quo prior to his decision. Under these circumstances the affidavit of Mr. Vidos is material and appellant should have been given an opportunity to amend its third party petition and allege the occurrence of a series of events as outlined in the affidavit.
This now brings us to the question of whether or not we are dealing with a maritime tort. It would not be proper for us at this stage of these proceedings to say anything more than the Vidos’ affidavit creates a prima facie presumption that a maritime tort was committed. The final *311 determination of this particular issue must await the amendment by appellant to its third party petition because it will be only then that the facts can be fully established.
When the true facts are finally known, the case of Smith v. Lampe, 64 F.2d 201 (6 Fed. App., 1933) and cases therein cited may be appropriate. In Smith the question of whether or not negligent conduct falls within state or admiralty law was discussed at length. The general proposition therein stated is that where the negligent act originates on land and the damage occurs on water, the cause of action is one in admiralty. In Sieracki v. Sea Shipping Company, Inc., et al., 149 F.2d 98 (3d Cir., 1945) a seaman, in the ship’s hole, was injured when a shackle on a land-based boom broke, causing the boom and tackle to fall and injure plaintiff. The injury was held to be the result of a maritime tort. Finally, in Mayer Boat Works, Inc. v. Bright Marine Basin, Inc., 265 F. Supp. 352 (U.S. Dist. Ct., E. D. New York, 1966) a vessel was being hoisted from the water by a landbased crane. One of the lifting straps pulled loose and permitted the boat to fall against the dock. The court held that since the tort was committed in navigable waters, it was a maritime tort, vesting the Federal Court with jurisdiction. The opinion stated, “The fact that the instrumentality causing the damage is land based is unimportant.”
If the petition as amended and the evidence adduced thereunder cause this instant matter to be governed by admiralty law, the doctrine of laches will apply. Briefly, laches differs from our own prescriptive requirements in that under laches no time limitation is set forth within which a cause of action must be instituted. However, laches consists of two elements, inexcusable delays in instituting suit and prejudice resulting to the defendant for such delays. In other words, laches depends upon the inequities of the case and not merely upon the lapse of time. McDaniel v. Gulf and South American Steamship Co., 228 F.2d 189 (5th Cir. 1955). See also American Automobile Insurance Co. et al. v. Twenty Grand Towing Co., Inc., La. App., 225 So.2d 114, rendered this date by us, wherein Judge Landry, speaking for this panel discusses the comparative elements of state statutes of prescription or limitation and the admiralty doctrine of laches.
In conclusion, we recognize here that we are not commenting upon that portion of appellees’ pleadings relating to its motion for summary judgment. The contents of this record for reasons hereinabove stated do not require our consideration of this matter at this time.
Accordingly, for the above and foregoing reasons, the judgment of the district court sustaining appellees’ “Peremptory Exception of Prescription and/or Motion for Summary Judgment” is reversed, annulled and set aside and this cause is remanded to permit further proceedings consistent with the views herein expressed. The cost of this appeal is to be borne by appellees. All other costs are to await a final judgment.
Reversed and remanded.