STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2019 CA 0037

TROY TEMPLET

VERSUS

STATE OF LOUISIANA
THROUGH DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS;
LOUISIANA STATE PENITENTIARY; AND SERGEANT JESSIE LOFTON

Decision Rendered: **NOV 1 5 2019**

* * * * * * *

APPEALED FROM THE
20TH JUDICIAL DISTRICT COURT
WEST FELICIANIA PARISH, LOUISIANA
DOCKET NUMBER 22,719, DIVISION B

HONORABLE WILLIAM G. CARMICHAEL, JUDGE

* * * * * * *

Donna U. Grodner
Baton Rouge, Louisiana

Attorney for Plaintiff/Appellant
Troy Templet

Jeff Landry
Attorney General
and
Christopher N. Walters
Assistant Attorney General
Baton Rouge, Louisiana

Attorneys for Defendant/Appellee
State of Louisiana, Department of
Public Safety and Corrections

BEFORE:  WHIPPLE, C.J., McDONALD, and CRAIN, JJ.

**McDONALD, J.**

A former inmate filed a tort suit against the State of Louisiana, Department of Public Safety and Corrections (DPSC), for injuries he sustained while in prison. DPSC filed a peremptory exception claiming the former inmate's claims were prescribed. The district court granted the exception and dismissed the suit. The former inmate appeals from the adverse judgment. We affirm in part, reverse in part, and remand this matter to the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 26, 2013, Troy Templet,[1] an inmate housed at the Louisiana State Penitentiary in Angola, Louisiana, was a member of a crew working on a ferry landing located on prison property. It was raining that day. While the crew was unloading angle iron from a trailer, a piece of the iron struck Mr. Templet, knocking him from the ferry landing into the Mississippi River below. Mr. Templet received a blow to his head and lost consciousness. He was retrieved from the river and received medical treatment for his injuries, which included head, leg, back, and eye injuries.

Mr. Templet was apparently released from prison in January 2014. On July 5, 2016, Mr. Templet filed this tort suit against DPSC in the 20th Judicial District Court; he later amended his petition to add Sgt. Jessie Lofton, the prison official supervising the work crew at the time of the accident, but Sgt. Lofton is not a party to this appeal. In his petition, Mr. Templet essentially alleged that Sgt. Lofton ordered the work crew to work in unsafe, rainy conditions on the ferry landing, and that DPSC was vicariously liable for his actions; he also claimed DPSC breached its duty to provide a safe workplace when it was foreseeable that an inmate working in the rain with heavy equipment would be injured. Alternatively, Mr. Templet claimed he was repeatedly denied appropriate medical treatment after the accident.

DPSC ultimately filed a prescription exception, claiming Mr. Templet's tort suit was untimely. According to DPSC, Mr. Templet was injured on November 26, 2013; he filed an administrative remedy procedure (ARP) on December 3, 2013, which

---

[1] Although the petition's caption states the plaintiff's surname is spelled "Templett," documents in the record bearing his signature show the correct spelling is "Templet."

suspended the running of prescription on his tort claim; the administrative process was "completed" on July 28, 2014, and prescription again began to run; Mr. Templet had until July 22, 2015 to file his suit; he did not file his suit until July 5, 2016; hence, his suit was prescribed. DPSC filed no evidence documenting any of the dates referenced in its exception. Mr. Templet apparently filed an opposition to DPSC's exception, but such is not in the appellate record. He then filed a "Motion to Supplement," requesting that the court allow him to supplement his opposition with his own affidavit, to which two exhibits were attached: his handwritten ARP dated November 27, 2013, and an unsigned, undated copy of DPSC's purported "First Step Response Form" denying his ARP. The district court signed an order, and Mr. Templet filed the affidavit and attachments into the record.

In due course, the district court held a hearing on DPSC's prescription exception. Neither party introduced evidence at the hearing nor presented argument supporting their respective positions; the district court orally granted DPSC's prescription exception from the bench without explaining the basis for its ruling. On November 19, 2018, the district court signed a judgment, granting DPSC's exception and dismissing Mr. Templet's suit with prejudice.

Mr. Templet appeals from the adverse judgment, contending the district court erred in dismissing his suit as prescribed. He argues that his affidavit shows that he timely filed his ARP while in prison, he was released from prison on January 10, 2014, and DPSC did not contact him any time after his release. He contends there is no evidence that DPSC delivered its purported July 28, 2014 denial of his ARP to him, and as such, prescription on his personal injury claim was suspended when he filed suit.

## APPLICABLE LAW

The Louisiana Corrections Administrative Remedy Procedure Act (CARP), La. R.S. 15:1171-1179, allows DPSC to adopt administrative remedy procedures to address complaints by an offender against DPSC that arise while an offender is in DPSC's custody. *See* La. R.S. 15:1171A and B. All complaints, including traditional tort claims seeking monetary relief, are subject to administrative procedures. *See* La. R.S.

15:1172B. An offender shall initiate his administrative remedies for a delictual (tort) action for injury within 90 days from the day the injury is sustained. *See* La. R.S. 15:1172B(1). Subsequent release from custody does not excuse an offender from exhausting the applicable administrative procedure. *See* La. R.S. 15: 1171D and 1174(2). The filing of an ARP for any delictual action suspends the tolling of liberative prescription from the date the ARP is filed until the final DPSC decision is delivered. *See* La. R.S. 15:1172E.

Ordinarily, the party urging prescription bears the burden of proving such at the trial of the exception; however, if the petition is prescribed on its face, the burden shifts to the plaintiff to show his action is not prescribed. *Quinn v. Louisiana Citizens Property Insurance Corp.*, 12-0152 (La. 11/2/12), 118 So.3d 1011, 1017. When the plaintiff is contending there is a suspension of prescription, he then has the burden of proving the suspension. *Shannon v. Vannoy*, 17-1722 (La. App. 1 Cir. 6/1/18), 251 So.3d 442, 448. Thus, under La. R.S. 15:1172E, Mr. Templet had the burden of proving the dates during which prescription of his suit was suspended.

Appellate review applicable to a prescription exception depends on the manner in which the exception is heard. *Shannon*, 251 So.3d at 448. Evidence may be introduced to support or controvert the exception of prescription when the grounds thereof do not appear from the petition. La. C.C.P. art. 931. In the absence of evidence, the exception must be decided on the facts alleged in the petition, which are accepted as true. *Accord Quinn*, 118 So.3d at 1017; *Shannon*, 251 So.3d at 448-49. In this case, neither DPSC nor Mr. Templet introduced evidence at the exception hearing. For the following reasons, our review is limited to the facts alleged in Mr. Templet's petition.

At the hearing on the prescription exception, the district court specifically asked the parties' counsel if they had anything to add "other than what's in the record?," and both answered "no." This exchange may have misled the parties to the assumption that the trial court would decide the exception on evidence that had been filed into the record – that is, Mr. Templet's affidavit and attachments. Under well-settled Louisiana

4

law, however, such procedure is not allowed. A hearing or a "trial" of an exception of prescription is just that: a trial at which competent, relevant evidence should be presented for the district court's consideration. *See* La. C.C.P. arts. 929-931; *Kirby v. Field,* 04-1898 (La. App. 1 Cir. 9/23/05), 923 So.2d 131, 137 n.8; *also see Burnett v. Lee,* 18-0319 (La. App. 1 Cir. 7/17/18), 2018 WL 3455994. A sworn affidavit is hearsay and is not competent evidence unless its use is specifically authorized by statute. *Michael F. Smith, CPA v. Alford,* 04-0586 (La. App. 1 Cir. 3/24/05), 906 So.2d 674, 676. If hearsay affidavits are admitted into evidence without objection, they may properly be considered part of the record in an appeal from a judgment granting a prescription exception. *See Green v. Regions Bank,* 13-0771 (La. App. 1 Cir. 3/19/14), 2014 WL 3555820 *1 n.5; *Kirby,* 923 So.2d at 137 n.8. But, simply filing such an affidavit in the record does not serve to make the affidavit competent evidence for trial or appeal purposes. *Id.; In re Montgomery,* 07-0429 (La. App. 1 Cir. 11/2/07), 2007 WL 3229145 *1 n.1. Thus, we do not consider Mr. Templet's affidavit and attachments in our review of the district court's judgment, because this evidence was not admitted at the hearing on DPSC's prescription exception, and the affidavit's mere presence in the record does not make it competent evidence.

Accordingly, based solely on the facts alleged in Mr. Templet's petition, which we accept as true, we find that the trial court properly dismissed his suit as prescribed. Mr. Templet's tort claim against DPSC was subject to a liberative prescription of one year, which began to run from the day his injury was sustained. *See* La. C.C. art. 3492; *Shannon,* 251 So.3d at 448. In his petition, Mr. Templet alleges that the accident on the ferry landing occurred on November 26, 2013. His suit was filed in the 20th Judicial District Court on July 5, 2016, over two years after the date of the accident. Although his petition alleges that he exhausted his administrative remedies, it does not allege when his ARP was filed nor when the final DPSC decision was delivered. Under La. R.S. 15:1172E, these dates are required to show that prescription on Mr. Templet's tort claim was suspended during the administrative process. Mr. Templet's inadmissible hearsay affidavit and the attachments thereto were the only means by which he

5

attempted to prove this suspension. As explained, we do not consider these documents. Thus, because Mr. Templet's petition was not filed within one year of the date of the accident, the petition is facially prescribed, and Mr. Templet has failed to prove that prescription was suspended when he filed suit. Our review, however, does not end here.

When the grounds of a peremptory exception, such as prescription, may be removed by amendment of the petition, the judgment sustaining the exception *shall* order such amendment within the delay allowed by the court. La. C.C.P. art. 934 (emphasis added); *Breland v. Willis Knighton Medical Ctr.,* 51,150 (La. App. 2 Cir. 2/15/17), 212 So.3d 724, 727. Here, the judgment is silent on whether Mr. Templet's petition could be amended to remove the grounds of prescription; we interpret this silence as the district court's refusal to allow the amendment. *See Wheelahan v. State through Louisiana State Claims Review Bd.,* 376 So.2d 576, 578 (La. App. 4 Cir. 1979). It appears that Mr. Templet could remove the grounds of DPSC's exception by amending his petition to allege specific relevant dates during which prescription was suspended on his tort claim. Louisiana Code of Civil Procedure article 934 is liberally applied in cases involving prescription, and where the plaintiff has raised allegations in argument that might be sufficient to overcome a prescription exception, he should be allowed time to amend his petition. *Whitnell v. Menville,* 540 So.2d 304, 309 (La. 1989); *Faubourg Saint Charles, LLC v. Faubourg Saint Charles Homeowners Assn., Inc.,* 18-0806 (La. App. 4 Cir. 2/20/19), 265 So.3d 1153, 1159-60; *Breland,* 212 So.3d at 727. Mr. Templet has raised sufficient argument in this case to warrant an opportunity to amend his petition. Therefore, in accordance with La. C.C.P. art. 934, we must reverse that portion of the district court's judgment dismissing Mr. Templet's suit with prejudice and remand this matter to allow Mr. Templet an opportunity to do so. *Carr v. Sanderson Farm, Inc.,* 15-0953 (La. App. 1 Cir. 2/17/16), 189 So.3d 450, 457; *Wesley v. Our Lady of Lake Hosp., Inc.,* 15-1649 (La. App. 1 Cir. 6/3/16), 2016 WL 3127004 *4.

**CONCLUSION**

For the above reasons, we affirm the district court's November 19, 2018 judgment insofar as it granted the State of Louisiana, Department of Public Safety and Corrections' exception of prescription. However, we reverse the judgment insofar as it dismissed Troy Templet's petition with prejudice. We remand this matter to the district court for the issuance of an order granting Troy Templet the opportunity to amend his petition, if he can, within a delay the district court deems reasonable. We assess no costs in this pauper suit.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH INSTRUCTIONS.**