Judgment rendered May 10, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,091-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

JOHN HILL and NANCY GEORGE,                    Plaintiffs-Appellants
on behalf of their deceased daughter,
KAYOMONIQIC GEORGE

VERSUS

STATE FARM MUTUAL                              Defendants-Appellees
AUTOMOBILE INSURANCE
COMPANY, TREJO'S PRINCETON,
LLC, JUAN MONZON, and
FRANCISCO VALDEZ-RAMIREZ

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Webster, Louisiana
Trial Court No. 78577

Honorable Allen Parker Self, Jr., Judge

* * * * *

JOHN D. & ERIC G. JOHNSON LAW FIRM        Counsel for Appellants
By: Eric Gerard Johnson


LAW OFFICES OF DAMON D. KERVIN
By: Damon D. Kervin


SEABAUGH & SEPULVADO LLC                   Counsel for Appellees,
By: Alan Thomas Seabaugh                   State Farm Mutual
    Michael Christopher Melerine           Automobile Insurance
    Paul L. Wood                           Company and Juan
                                           Monzon

PHELPS DUNBAR, LLP
By: Douglas M. Kleeman

Counsel for Appellee,
Nautilus Insurance
Company

BLANCHARD, WALKER, O'QUIN,
& ROBERTS, APLC
By: Scott R. Wolf
    McLaurine H. Zentner

Counsel for Appellee,
Trejo's Princeton, LLC

DAVIDSON, MEAUX, SONNIER,
McELLIGOTT, FONTENOT,
GIDEON & EDWARDS, LLP
By: Robert D. Felder
    Jami L. Ishee
    James H. Domengeaux, Jr.

Counsel for Appellee,
Alberto Andrade Moya

* * * * *

Before PITMAN, STEPHENS, and ROBINSON, JJ.

**STEPHENS, J.**

The issue in this survival action/wrongful death action is whether plaintiffs' initial petition, which named as defendants the driver, the driver's alleged employers, and the employers' insurer, interrupted prescription against another employee who was riding in that vehicle but was not added to the lawsuit until an amending petition was filed more than two years after the accident. Plaintiffs have appealed from the trial court's adverse judgment granting the exception of prescription filed by the later-added defendant, Alberto Andrade Moya ("Moya"). For the reasons set forth below, we amend the trial court's judgment in part, affirm as amended, and remand the matter for further proceedings in accordance with this opinion.

## FACTS/PROCEDURAL BACKGROUND

This action for damages for the survival and wrongful death of Kayomoniqic George was filed by her parents, John Hill and Nancy George ("plaintiffs"), on March 27, 2020. Kayomoniqic died as a result of injuries she sustained in a two-vehicle accident that occurred on November 28, 2019, around 2:15 p.m. The vehicle she was driving south on US Highway 79 in Webster Parish, Louisiana, was struck head-on by a northbound drunk driver, who was attempting to pass another vehicle in a no-passing zone. Named as defendants were the driver of the 2001 Chevrolet Tahoe that hit Kayomoniqic, Francisco Valdez-Ramirez ("Valdez-Ramirez"), his alleged employer, Trejo's Princeton, LLC ("Trejo's"), the owner of the vehicle, Juan Monzon ("Monzon")[1] (Trejo's was also alleged to be an owner of the

---

[1] Monzon is both an owner and a manager of the Trejo's which allegedly employed Valdez-Ramirez.

vehicle), and the vehicle's insurer, State Farm Mutual Automobile Insurance Co. ("State Farm").

Plaintiffs alleged negligence on the part of Valdez-Ramirez in operating the vehicle, including being intoxicated, and negligence on the part of Monzon, for negligent entrustment. Plaintiffs also alleged Monzon and Trejo's were negligent in hiring, training, and supervising their alleged employee, Valdez-Ramirez, as well as contributing to his intoxication and failing to prevent him from operating the vehicle. In Paragraph 5, plaintiffs alleged that Valdez-Ramirez was an agent and/or employee under the supervision of Monzon and/or Trejo's, and that the actions of Valdez-Ramirez arose out of and were during the course of his employment for Monzon and/or Trejo's. In Paragraph 6 of the petition, plaintiffs alternatively alleged that, even if Valdez-Ramirez was not an agent or employee, he operated the Tahoe with the consent of Monzon and/or Trejo's and, as such, was covered by any and all liability policies of these defendants.

Discovery between the parties began. Depositions were taken, including that of Moya, a passenger in the Tahoe driven by Valdez-Ramirez. Moya, however, was not added as a defendant until plaintiffs filed an amending petition on January 13, 2022, in which they alleged that Moya was also an employee of Monzon and Trejo's working in the course and scope of his employment alongside Valdez-Ramirez and Monzon at the time of the accident. Plaintiffs further alleged that Moya conspired with Valdez-Ramirez to commit a willful act, and that Moya was jointly negligent together with Monzon for allowing Valdez-Ramirez onto Trejo's property, permitting him to access the restaurant's vehicle, and furnishing him with

alcohol.[2]  Also added as a defendant in this petition was Nautilus Insurance Company.

Moya filed an exception of prescription on March 17, 2022, plaintiffs filed an opposition on April 5, 2022, and the trial court held a hearing on the

[2] Paragraph 5 of plaintiffs' petition was amended to state:

> At all times pertinent hereto, VALDEZ-RAMIREZ and ANDRADE [MOYA] were agents and/or employees and/or under the supervision of MONZON and/or TREJO'S, and the actions of VALDEZ-RAMIREZ and ANDRADE [MOYA] arose out of and were during the course of his employment for MONZON and/or TREJO'S and/or while performing duties related to the conduct of MONZON'S and/or TREJO'S business.  At all material times, ANDRADE [MOYA] conspired with VALDAZ-RAMIREZ to commit a willful act, and is solidarily liable with VALDEZ-RAMIREZ for Plaintiffs' damages.  MONZON and ANDRADE [MOYA] negligently permitted VALDEZ-RAMIREZ to enter TREJO'S premises, and the risk of harm to Plaintiffs was foreseeable and easily associated with MONZON'S and ANDRADE [MOYA]'S negligence.  MONZON and ANDRADE [MOYA] knew or should have known that VALDEZ-RAMIREZ was not competent to operate the 2001 Chevrolet Tahoe. MONZON and ANDRADE [MOYA] negligently permitted VALDEZ-RAMIREZ access to the 2001 Chevrolet Tahoe. MONZON and ANDRADE [MOYA] committed acts of negligence, gross negligence, and reckless disregard for the safety of Plaintiffs in furnishing alcoholic beverages to VALDEZ-RAMIREZ.  At all material times, MONZON, VALDEZ-RAMIREZ, and ANDRADE [MOYA] were in the course and scope of their employment with TREJO'S and/or were performing duties related to the conduct of TREJO'S business.

Paragraph 6 was amended to state:

> In the alternative, even if VALDEZ-RAMIREZ was not an agent or employee of MONZON and/or TREJO'S, VALDEZ-RAMIREZ operated the 2001 Chevrolet Tahoe, VIN No. [omitted], with the consent of the aforementioned, and as such any and all liability policies of MONZON, TREJO'S, VALDEZ-RAMIREZ, STATE FARM, and NAUTILUS covered VALDEZ-RAMIREZ and TREJO'S employees.

Added to the petition, Paragraph 16 provides:

> TREJO'S, MONZON, VALDEZ-RAMIREZ, and ANDRADE [MOYA] are all insured for their liability by NAUTILUS. KAYOMONIQIC's damages were caused by the negligence of TREJO'S employees (including, without limitation, VALDEZ-RAMIREZ, MONZON and/or ANDRADE [MOYA]) who were acting at all material times within the scope of their employment with TREJO'S and/or while performing duties related to the conduct of TREJO's business.

3

exception on May 3, 2022. The trial court found that: the allegations made in the amending petition were insufficient; Moya was neither a joint tortfeasor nor solidarily liable with the other previously named defendants; plaintiffs were not entitled to amend their petition further; and, based upon the above findings, the trial court granted the exception of prescription and dismissed plaintiffs' claims against Moya. Judgment granting the exception of prescription, *inter alia*, was rendered and signed on May 19, 2022. It is from this judgment that plaintiffs have appealed.

## DISCUSSION

### *Plaintiffs' Argument*

Plaintiffs' first two assignments of error are that the trial court erred in sustaining defendant Moya's exception of prescription and dismissing as untimely their claims against him asserted in their amending petition. Their third assignment of error is related—that the trial court erred in failing to allow them an opportunity to amend their petition as provided for in La. C.C.P. art. 934.

According to plaintiffs, their timely filed petition against Valdez-Ramirez, Monzon, and Trejo's continuously interrupted prescription against Moya, who is an additional joint tortfeasor whose fault contributed to plaintiffs' damages. Plaintiffs have alleged that the crash which killed Kayomoniqic was caused by the "combined and joint negligence" of Valdez-Ramirez, Monzon, Trejo's, and Moya.

Plaintiffs further contend that they have alleged facts showing that the combined fault of all four of the above-listed defendants contributed to Kayomoniqic's death and plaintiffs' damages, which is all that is required to

4

plead that these defendants are joint tortfeasors such that a timely suit against one interrupts prescription against the others.

Plaintiffs assert that the trial court erred in failing to find that their timely suit against Valdez-Ramirez, Monzon, and Trejo's within one year of the accident continuously interrupted prescription on their later claim against Moya, a joint tortfeasor with the timely sued defendants.

Plaintiffs also argue that their timely suit against Moya's employers, Monzon and Trejo's, continuously interrupted prescription against Moya, their employee. Plaintiffs further contend that, because they have alleged both solidary and joint liability as a basis for the interruption of prescription against Moya, his exception of prescription is premature.

In the alternative, plaintiffs urge that the trial court erred in failing to allow them an opportunity to amend their petition. Plaintiffs concede that their claims against Moya will be untimely if the jury finds that the original defendants are free from fault. However, plaintiffs take the position that it is premature to dismiss their claims against Moya at this time.

Plaintiffs ask that this Court reverse the judgment of the trial court and either overrule Moya's exception of prescription without prejudice or refer the exception to the merits. Alternatively, plaintiffs ask this Court to permit them to amend their petition to allege additional facts to show that Moya is a joint tortfeasor and/or solidary obligor with the timely sued defendants.

***Defendant Moya's Argument***

Defendant Moya points out that the accident occurred on November 28, 2019. The amending petition naming him as a defendant was filed on January 13, 2022, more than two years later. As the claims against Moya are prescribed on their face, plaintiffs had the burden of establishing that they

5

were not prescribed by either showing that Moya was a joint tortfeasor, a solidary obligor, or that the claims related back to the original demand. According to defendant Moya, the trial court did not err in finding that plaintiffs failed to meet their burden of proof.

Defendants argue that plaintiffs' claim that prescription was interrupted because Moya is a joint tortfeasor with other defendants named in the original petition is not set forth in their amended petition, which fails to allege any independent act of negligence on Moya's part. According to Moya, the conclusory legal statements pled by plaintiffs were insufficient to allege that he was either a joint tortfeasor or solidary obligor

Plaintiffs' amending pleading has alleged nothing against Moya on his own, no duty owed by him and no act that could legally serve as a cause of the accident when combined with the actions of Monzon, Trejo's, and Valdez-Ramirez. Accepting the facts pled in the petitions as true, Moya cannot be a joint tortfeasor under Louisiana law.

According to plaintiffs, Monzon and Trejo's owned the restaurant and the vehicle involved in the collision. The evidence submitted by plaintiffs in connection with the motion for summary judgment established that Monzon owned and had control over the vehicle, consented to Valdez-Ramirez driving the vehicle, and allowed use of the vehicle by all restaurant employees equally. Moya, as a Trejo's employee and co-worker of Valdez-Ramirez, had no ownership, custody, or control over the vehicle and thus no duty to prohibit access to it. Furthermore, once inside the vehicle, Moya was just a passenger.

In addition to owing no duty as to the vehicle itself, Moya contends that he owed no duty and is not liable for controlling the actions of his

6

alleged co-worker, Valdez-Ramirez, or those of his employer, Monzon or Trejo's. In their amending petition, plaintiffs are apparently claiming that Moya should have stopped Valdez-Ramirez from entering Trejo's and using the vehicle, and prevented Monzon from authorizing this use. There is no such duty on the part of Moya, as he has no special relationship with either his alleged co-worker or employer that would establish vicarious liability for their actions.

Since there is no duty owed by Moya and no vicarious liability for the acts of his co-worker or employer, Moya's actions cannot be a legal cause of the accident and resulting damages. Thus, he is not a joint tortfeasor with Valdez-Ramirez, Monzon, or Trejo's, nor is he solidarily liable with either or both of these parties.

Plaintiffs alternatively argued that, because Trejo's and/or Monzon were named as a defendant in the original petition, prescription was interrupted for Moya because he was an employee. However, urges Moya, a generalized allegation against an employer does not automatically interrupt prescription as to all employees. If there is no duty on the part of a certain employee such as Moya, there can be no breach and no causation.

At the hearing on the exception of prescription, plaintiffs' counsel argued that suit against either an employer or employee interrupted prescription as to the other. This is true, but only regarding actions by the specific employee. In this case, that would be Valdez-Ramirez, not Moya, who was not named in the original petition. The original petition alleged negligent hiring, training and supervision by Trejo's—actions for which Moya cannot be liable.

7

Under Louisiana law, Moya is not vicariously liable for, and cannot be solidarily liable for, the acts of his employer or alleged co-worker because there is no special relationship. There is no legal connection between Moya and his employer or his co-worker which would create a joint tortfeasor or solidary obligor relationship to interrupt prescription. With no joint tortfeasor or solidary obligor relationship, there was no interruption, asserts Moya. Furthermore, there was no valid explanation for plaintiff's delay in naming Moya as a defendant.

According to Moya, there is also no solidary liability for any alleged conspiracy. Plaintiffs have claimed that Moya conspired with Valdez-Ramirez to commit a willful act and is solidarily liable; however, no willful act is identified, and no facts regarding conspiracy are pled or contained within the record. Thus, the conclusory assertions are insufficient to establish solidarity.

*Analysis*

The standard of review of a trial court's ruling on an exception of prescription depends on whether evidence is introduced. When, as in this case, no evidence has been introduced at a hearing on an exception of prescription, all allegations of the petition(s) are to be accepted as true. *Mitchell v. Baton Rouge Orthopedic Clinic, L.L.C.*, 21-0061 (La. 10/10/21), 333 So. 3d 368; *Anding o/b/o Anding v. Ferguson*, 54,575 (La. App. 2 Cir. 7/6/22), 342 So. 3d 1138; *Evans v. Heritage Manor Stratmore Nursing & Rehabilitation Center, L.L.C.*, 51,651 (La. App. 2 Cir. 9/27/17), 244 So. 3d 737, *writ denied*, 17-1826 (La. 12/15/17), 231 So. 3d 639.

Delictual actions are subject to a liberative prescription of one year which runs from the day injury or damage is sustained. La. C.C. art. 3492.

8

If a petition has prescribed on its face, the burden shifts to the plaintiff to show that the action has not prescribed. *Davis v. State through Louisiana Racing Commission*, 20-1020, pp. 3-4 (La. 5/13/21), 320 So. 3d 1028, 1032; *Campo v. Correa*, 01-2707, p. 7 (La. 6/21/02), 828 So. 2d 502, 508; *City Life Live, L.L.C. v. Post Office Employees Federal Credit Union*, 52,616, p. 5 (La. App. 2 Cir. 4/10/19), 268 So. 3d 1251, 1254, *writ denied*, 19-00751 (La. 9/17/19), 279 So. 3d 376.

It is undisputed that prescription on plaintiffs' tort action had run at the time of their amending petition's filing on January 13, 2022. However, prescription is interrupted when, *inter alia*, suit is timely filed in a court of competent jurisdiction and venue. La. C.C. art. 3462. Such was the case with plaintiffs' original petition against defendants Monzon, Trejo's, Valdez-Ramirez, and State Farm.

An interruption of prescription against one solidary obligor is effective against all other solidary obligors, and the interruption continues while the suit is pending. La. C.C. arts. 1799, 3503; *Glasgow v. PAR Minerals Corp.*, 10-2011 (La. 5/10/11), 70 So. 3d 765; *Picone v. Lyons*, 601 So. 2d 1375, 1377 (La. 1992); *Perkins v. Willie*, 03-0126, p. 4 (La. App. 1 Cir. 4/2/04), 878 So. 2d 574, 576. An interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors. La. C.C. art. 2324(C); *Hines v. Browning-Ferris, Inc.*, 46,577, p. 4 (La. App. 2 Cir. 9/21/11), 73 So. 3d 479, 482, *writ denied*, 11-2340 (La. 12/2/11), 76 So. 3d 1180; *Perkins*, *supra*.

In this case, plaintiffs' basis for asserting an interruption of prescription is that Moya, the newly added defendant, is a joint tortfeasor and/or is solidarily obligated with defendants who were timely sued. Thus,

9

plaintiffs must, for purposes of defeating an exception of prescription, sufficiently allege that Moya has joint tortfeasor and/or solidary obligor status with these defendants. *See*, *Rizer v. American Surety and Fidelity Insurance Co.*, 95-1200, pp. 2-3 (La. 3/8/96), 669 So. 2d 387, 388-89; *Iles v. State Farm Mutual Automobile Insurance Co.*, 18-276, p. 3 (La. App. 3 Cir. 11/7/18), 258 So. 3d 850, 852, *writ denied*, 18-2016 (La. 2/11/19), 263 So. 3d 1152; *Wheat v. Nievar*, 07-0680, p. 4 (La. App. 1 Cir. 2/8/08), 984 So. 2d 773, 775.

A joint tortfeasor is defined as a party whose conduct, whether intentional or negligent, combines with another party and causes injury to a third party. La. C.C. art. 2324; *Milbert v. Answering Bureau, Inc.*, 13-22 (La. 6/28/13), 120 So. 3d 678, 688; *Greer v. Johnson*, 37,655, p. 5 (La. App. 2 Cir. 9/24/03), 855 So. 2d 898, 901. The term "joint tortfeasor" may be applied both to the situation where two or more persons are acting in concert or where "[t]he negligence of concurrent tortfeasors . . . occurs or coalesces contemporaneously," to produce an injury. *Milbert*, *supra*. Joint tortfeasors are solidarily liable for the damage they cause when they conspire to commit an intentional or willful act. La. C.C. art. 2324(A); *Milbert*, *supra.* If liability is not solidary because the actions of joint tortfeasors are not intentional or willful, then liability for the damages caused by two or more persons is a joint and divisible obligation. La. C.C. art. 2324(B); *Milbert*, *supra* at 688-89. Under Louisiana's comparative fault system, "the fault of every person responsible for a plaintiff's injuries must be compared, whether or not they are parties, regardless of the legal theory of liability asserted against each person. *Milbert*, *supra*, citing *Dumas v. State ex rel. Dept. of*

10

*Culture, Recreation & Tourism*, 02-0563, p. 11 (La. 10/15/02), 828 So. 2d 530, 537. *See also* La. C.C. art. 2323.

In *Wheat, supra*, the plaintiff, an automobile accident victim, sought to add the sheriff as a defendant to a timely filed suit more than a year after the accident. An exception of prescription filed by the sheriff was sustained by the trial court. The First Circuit reversed the trial court's judgment dismissing the suit against the sheriff's office and remanded the matter. In doing so, the appellate court found:

> In the instant case, the plaintiff alleged in the amending petition that the Sheriff's Office "contributed" to his damages. More importantly, plaintiff alleged specific acts that, when taken as true, were at least minimally sufficient to assert some fault on the part of the Sheriff's Office, which leads to the status of joint tortfeasor with one or more of the original defendants. For example, reading both petitions together, Mr. Wheat alleged that the "[f]ailure to properly position authorized units in an appropriate place for warning oncoming motorists of impending danger ahead," combined with the driver's act of being unable to stop after cresting the overpass, caused the damage. Based on those allegations and others alleged in the petitions, read in light of the applicable jurisprudence, we must find that the timely filed suit against the original one or more joint tortfeasors interrupted prescription against the Sheriff's Office[.] Of course, this in no way establishes or predicts the plaintiff's ability to prove that any actions by the Sheriff's Office actually contributed to the plaintiff's damages.

*Id.* at pp. 6-7, p. 777. The key difference between *Wheat*, *supra*, and the instant case is that in this case, there are no allegations of specific acts on the part of the newly added defendant to support his status as a joint tortfeasor or solidary obligor. To properly allege joint liability, plaintiffs must do more than merely assert such a relationship. *See*, *Jones v. Iberia Parish Government*, 18-34, pp. 5-6 (La. App. 3 Cir. 9/26/18), 257 So. 3d 198, 201-02. *See also*, *Milbert*, *supra*; *McKenzie v. Imperial Fire and Casualty Ins. Co.*, 12-1648, p. 7 (La. App. 1 Cir. 7/30/13), 122 So. 3d 42, 48. There must

11

be allegations of specific facts on the part of the newly added defendant that, when taken as true for purposes of defeating an exception of prescription, are sufficient to assert a joint tortfeasor and/or solidary obligor relationship between that defendant and at least one of the timely sued defendants.

We agree with defendant Moya that the trial court's ruling on his exception of prescription, made solely on the face of the original and amending petitions since the parties introduced no evidence in support or opposition thereof, is legally sound. While plaintiffs have alleged a joint tortfeasor and/or solidary obligor relationship between Moya and the timely sued defendants, they have not backed up these broad, sweeping allegations with any specific facts. As they stand, plaintiffs' allegations against Moya are insufficient, and therefore, this Court will affirm the trial court's judgment sustaining the exception of prescription.

However, our analysis does not end here. La. C.C.P. art. 934 provides:

> When the grounds of the objection pleaded by the peremptory objection may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

As noted by the supreme court in *Reeder v. North*, 97-0239, p. 15 (La. 10/21/97), 701 So. 2d 1291, 1299, the law takes a liberal approach toward allowing amended pleadings to promote the interests of justice. In *Breland v. Willis Knighton Medical Center*, 51,150, p. 6 (La. App. 2 Cir. 2/15/17), 212 So. 3d 724, 727, this Court cited *Whitnell v. Menville*, 540 So. 2d 304, 304 (La. 1989), wherein the Louisiana Supreme Court recognized that "where the plaintiff has raised allegations in argument which might be

12

sufficient to overcome a peremptory exception of prescription, he should be allowed time to amend his petition to assert such allegations, even though the claim asserted in the original petition is prescribed on its face."

The court in *Whitnell* further observed that it is not necessary to allow plaintiff time to amend if he cannot even point out possible grounds sufficient to overcome the exception, but a court may allow time to amend if the new allegations raise the possibility that the claim is not prescribed, even if the ultimate outcome of the prescription issue, once the petition is amended, is uncertain. *Id.* at 309 (citing *H & H Boat Rental, Inc. v. Vidos*, 225 So. 2d 308, 310 (La. App. 1 Cir. 1960); *Craig v. Housing Authority of New Orleans*, 482 So. 2d 148, 149 (La. App. 4 Cir. 1986)). *Breland*, *supra* at pp. 6-7, pp. 727-28. *See also*, *Quinn v. Louisiana Citizens Property Ins. Corp.*, 12-0152, pp. 19-20 (La. 11/2/12), 118 So. 3d 1011, 1023; *Wyman v. Dupepe Construction*, 09-0817, p. 1 (La. 12/1/09), 24 So. 3d 848, 849.

Unless it can be determined in advance of the amendment that the new allegations could have no effect on the prescription issue, then an opportunity to amend should be allowed. *Whitnell*, *supra* (citing *Drane v. City of New Orleans*, 328 So. 2d 752, 754, n. 2 (La. App. 4 Cir. 1976)); *Breland*, *supra* at p. 7, p. 728; *Scott v. Zaheri*, 14-0726, p. 15 (La. App. 4 Cir. 12/3/14), 157 So. 3d 779, 788.

We find that the trial court erred in denying plaintiffs an opportunity to amend their petition in this case. The likelihood of plaintiffs' success on the merit of their claims against defendant Moya is not determinative as to the issue of whether they should be allowed to amend their petition to flesh out and fully allege said claims. Instead, the only issue is whether allowing them to amend the petition to properly state the claims could have an effect

13

on the issue of prescription. In accordance with La. C.C.P. art. 934, we will allow plaintiffs to amend their petition to cure their prescription problem if they can. This case will be remanded to the trial court to afford plaintiffs the opportunity to amend their petition.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is amended in part with instructions, and as amended, is affirmed. This matter is remanded to the trial court for further proceedings in accordance with this opinion. Costs of this appeal are assessed equally to plaintiffs, John Hill and Nancy George, on behalf of their deceased daughter, Kayomoniqic George, and to defendant, Alberto Andrade Moya.

AMENDED IN PART, AND, AS AMENDED, AFFIRMED; REMANDED.